FECHTMAN *v.* STOVER.

[No. 30,483. Filed December 12, 1963.]

542 

*Bredell, Cooper & Martin, C. Wendell Martin,* and *Richard P. Nahrwold,* all of Indianapolis, for appellant.

*Ralph Hamill, John P. Price, Joseph A. Kutch,* and *Hollowell & Hamill,* of counsel, all of Indianapolis, for appellee.

JACKSON, J.—This is an appeal from an action in the Marion Superior Court wherein appellee recovered a judgment against the appellant for damages in the sum of $10,000.00 on account of injuries sustained as a result of a fall on steps leading from the sidewalk to the level at the yard of residential premises located at 4832 East Tenth Street, Indianapolis, Marion County, Indiana, on March 9, 1956.

Appellant filed her timely motion for a new trial assigning five grounds therefor, in substance as follows:

1. Irregularity in the proceedings of the court by which defendant was prevented from having a fair trial, specifying two instances overruling defendant's pre-trial motions;

2. The verdict of the jury is not sustained by sufficient evidence;

3. The verdict of the jury is contrary to law;

4. Error of law occurring at the trial in substance as follows:

(a) Overruling defendant's motion at the close of all evidence to instruct the jury to return a verdict for the defendant;

(b) In refusing to give defendant's instructions 4, 5, 6, 8, 11, 12, 13, 14, 15, 20, 21, 24 and 25;

(c) In giving plaintiff's instructions 1, 2, 3, 4, 5, 6, 9, 10, 12, 13, 14, 15, 16, 19, 20, 22, 25, 26 and 27; and

to the giving of such instructions over proper objection of defendant;

(d) In giving the court's own instruction No. 11 over defendant's objection;

(e) In inadvertently giving plaintiff's instruction No. 27 and in giving court's instruction No. 11 after the court had indicated that he would not give said instructions, and to the giving of which defendant objects and for which error the defendant moved the court to withdraw the cause and set aside the submission thereof and to discharge the jury;

(f), (g), (h), (i), (j) and (k) relate to the court's rulings on motions filed by the defendant.

5. The damages assessed by the jury are excessive.

The single assignment of error is as follows:

"1. The court erred in overruling appellant's motion for a new trial."

The order of the Appellate Court attempting to transfer this cause to this court, omitting caption and signature, reads as follows:

"It now appearing to the court from the record in this cause that the appellant has duly presented an alleged violation of the rights of the appellant guaranteed by the Constitution of the State of Indiana, which it is claimed are impaired by the statutes of the State of Indiana designated as the Acts of 1945, ch. 54, commonly referred to as the Administrative Building Council Act, it is therefore hereby ordered:

"That this cause be transferred to the Supreme Court of Indiana, pursuant to the provisions of Sec. 4-217, Burns' 1946 Replacement and Rule 2-14 of the Supreme Court of Indiana. Done this 9th day of October."

The only reference we find concerning the constitutionality of the Act is found in the argument section

of appellant's brief at page 185, where appellant makes this statement:

" . . . While the appellant does not contend that this statute is unconstitutional as properly construed, she does maintain that the construction urged by the appellee and applied by the trial court would cause the statute to violate Article IV, Section 19, of the Constitution of Indiana."

We point out that appellant does not raise the constitutionality of the statute, she challenges the court's construction of it.

The questions raised by the motion for the new trial and the assignment of error may and should be decided by the Appellate Court, as it is not essential to the determination of those questions that the constitutionality of an Act not challenged by the appellant be determined.

We have previously determined that courts will pass upon the merits of a case, without determining a constitutional question, if possible. *City of East Chicago* v. *Chicago, etc., Transit Company, Inc.* (1963), 243 Ind. 590, 189 N. E. 2d 414, 416.

The case is therefore transferred back to the Appellate Court.

Landis, C. J., Achor and Myers, JJ., concur; Arterburn, J., concurs in result.

NOTE.—Reported in 194 N. E. 2d 623.