DAVIS *v.* THIEDE.

[No. 30,092. Filed March 25, 1964. Petition to vacate denied, May 14, 1964.]

*Wilbur Eustace Davis, Jr., pro se.*

*D. Joe Gabbert* and *Dix, Dix, Patrick & Ratcliffe,* both of Terre Haute, for appellees.

JACKSON, J.—This is an appeal from the Sullivan Circuit Court. The action originated in the Vigo Circuit Court and was venued to Sullivan County.

An action was brought by Wilbur Eustace Davis, Jr. to recover damages for injury to appellant's minor child for injuries alleged to have been sustained as a

result of having been struck by an automobile wantonly operated by the appellees.

The complaint herein was filed December 4, 1959; thereafter, various and sundry motions and pleadings were filed by the parties, among the last of which was a ruling by the court on January 10, 1961, requiring appellant to plead over and file an amended complaint on or before January 23, 1961.

On February 7, 1961, appellees filed their motion for default and to dismiss appellant's action. Such motion was sustained on February 14, 1961, and the trial court on that date entered judgment striking appellant's second amended complaint from the record, denying recovery to appellant, and assessing costs against him.

Page three of appellant's brief sets forth quite concisely the questions he attempts to present to this court on appeal and I am therefore incorporating said page in full here.

"This case presents a question of compulsory or involuntary non-suit in contravention of the rights guaranteed by the Constitution of the State of Indiana that every man shall have remedy by due course of law for injury done to him and that justice shall be administered without denial. It also involves a question of deprivation of appellant's property rights without due process of law or just compensation in violation of the guaranties of the constitutions of the United States and the State of Indiana. It is on the premise of duly presented questions of denial and deprivation of rights guaranteed by the Constitution of the State of Indiana and the Constitution of the United States that appellant submits the Supreme Court of Indiana has direct jurisdiction of this appeal."

The only question presented is whether or not the trial court erred in certain rulings on the pleadings

filed in this cause and in entering the judgment complained of. Those questions can and should be determined by the Appellate Court as there is no constitutional question here that could not be averred in every case that might be decided in the courts below. *Fechtman* v. *Stover* (1963), 244 Ind. 541, 194 N. E. 2d 623.

The case is accordingly transferred to the Appellate Court.

Achor, and Myers, JJ., concur.

Arterburn, J., concurs in result.

Landis, C. J., concurs in result with opinion.

### OPINION CONCURRING IN RESULT

LANDIS, C. J.—I concur in the result of Judge Jackson's opinion for the reason that no constitutional question is presented in this Court in view of the failure of appellant to show he previously pointed out to the trial court the particular constitutional provision allegedly violated. See: *Prunk* v. *Indpls. Redevelopment Comm.* (1950), 228 Ind. 579, 586, 93 N. E. 2d 171, 173, 340 U. S. 950, 95 L. Ed. 685, 71 S. Ct. 575; *Scott* v. *Scott, Admrx. et al.* (1958), 238 Ind. 474, 481, 486, 150 N. E. 2d 740, 743, 746.

Appellees' petition to transfer this cause to the Appellate Court should therefore be sustained.

NOTE.—Reported in 197 N. E. 2d 173.