DAVIS v. THIEDE ET AL.

[No. 20,155. Filed January 27, 1965. Motion to recall opinion denied February 11, 1965. Rehearing denied March 2, 1965. Transfer denied March 9, 1966. Reconsideration of transfer denied April 4, 1966.]

*Wilbur Eustace Davis, Jr., pro se.*

*D. Joe Gabbert* and *Dix, Dix, Patrick & Ratcliffe,* of Terre Haute, and *Wendell Tennis* and *Tennis & Cochran,* of Sullivan, for appellees.

HUNTER, J.—This is an appeal from an action brought by appellant-plaintiff against appellees to recover damages for injury to his minor child, allegedly resulting from the wanton operation of appellees' automobile.

The appellant appealed directly to the Supreme Court, alleging that certain constitutional questions were presented. The Supreme Court decided that,

> "The only question presented is whether or not the trial court erred in certain rulings on the pleadings filed in this cause and in entering the judgment complained of. Those questions can and should be determined by the Appellate Court as there is no constitutional question here that could

not be averred in every case that might be decided in the courts below. *Fechtman* v. *Stover* (1963), 244 Ind. 541, 194 N. E. 2d 623." *Davis* v. *Thiede* (1964), 245 Ind. 311, 197 N. E. 2d 173, 174, 3 Ind. Dec. 169, 170.

We are deciding this case as presented to the Supreme Court and without benefit of oral argument in the absence of a request for the filing of an amended brief or oral argument. Our consideration of this cause is accordingly limited to those errors of law properly presented by the appellant in the brief filed before transfer to this court.

The proceedings in the trial court pertinent to our consideration are as follows: Upon the filing of a second complaint entitled the "second amended complaint," by appellant on December 4, 1959, the court ordered appellees to answer on or before January 11, 1960. Before the expiration of the rule, on December 11, 1959, appellees filed a motion to dismiss the second amended complaint pursuant to § 2-901, Burns' 1946 Replacement, 1964 Cumulative Pocket Supplement.

Appellees' motion to dismiss alleged that appellant, in the construction of his second complaint, had not complied with the previous court order directing the appellant to modify his *original* complaint. The appellant has made no showing by his brief or indeed by the transcript indicating whether his "second amended complaint" *did* or *did not* conform to the judge's ruling on the original complaint ordering him to amend said complaint; and the duty is on the appellant to affirmatively demonstrate error of law by the trial court in any one of its rulings in view of our Supreme Court's holding in its order of transfer of this cause to this court. We are thus hampered in this opinion by this failing in appellant's brief, as can be seen from the remaining proceedings of the trial court that must be considered.

Be that as it may, the court saw fit to overrule the motion to dismiss on April 13, 1960, and the appellees were at this date again ruled to answer by the court within ten days.

Appellees, on April 21, 1960, before this rule elapsed, filed another motion which was a joint motion under Supreme Court Rule 1-3A to strike and amend certain portions of the "second amended complaint." This motion was *apparently* directed toward the same defects that were present in the *original* complaint. The court sustained this motion on May 12, 1960. Later, on June 7, 1960, the court overruled the appellant's motion for a judgment on the pleadings which had been filed May 10, 1960. Such motion essentially alleged that appellant was entitled to a judgment for failure of appellees to answer the complaint by admitting or denying the allegations of the complaint. After overruling appellant's motion and sustaining appellees' last motion, the judge then ordered appellant to plead over on May 12, June 7, September 6, 1960, and January 10, 1961, in conformance with his ruling on appellees' motion filed pursuant to Supreme Court Rule 1-3A, *supra*. Appellant would not plead over, and upon motion for judgment by appellees, the court entered default judgment against appellant on February 14, 1961 which reads in part as follows:

> . . . "And now the Court being duly and fully advised in the premises now sustains the motion of the defendants filed February 7, 1961, for default of plaintiff for his failure to file amended complaint on or before January 23, 1961 as heretofore ordered by this Court and set for hearing on this date and hour. The Court further finds that the plaintiff should pay the costs of this action.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that on plaintiff's failure to comply with rule of this Court made January 10, 1961, ordering and directing the plaintiff to file his amended complaint on or before January 23, 1961, that plaintiff's complaint plaintiff's second amended complaint, which has been referred to herein as plaintiff's complaint) be and the same is hereby stricken from the record, and that plaintiff take nothing by his complaint."

Appellant assigns twelve (12) errors on this appeal. Alleged errors numbered 10, 11 and 12 will not be considered

because they seem to present constitutional questions, which are without merit. See *Davis* v. *Thiede, supra.* Appellant seriously advances error No. 1, with assignments 1-12 purportedly grouped within said error No. 1. Thus, we have the question of whether the trial court erred in overruling appellant's motion for judgment on the pleadings.

Appellant's argument for reversal is unique and somewhat complex. He asserts that appellees' joint motion under Supreme Court Rule 1-3A, *supra,* was necessarily waived by appellees' failure to join and file it with the first motion to dismiss because the motion to dismiss is a dilatory plea; and since the motion to dismiss is a dilatory plea, Supreme Court Rule 1-3A, *supra,* requires this plea to be filed with all other such motions. He contends that such second joint motion was therefore a nullity because it was not filed with the first motion and was thus waived; and as a result, the judge as a matter of law could not rule on it. Appellant therefore advances the proposition that since there was a "rule to answer" and no answer was filed, but rather an allegedly void motion instead, appellant was entitled as a matter of law to a judgment on the pleadings. We are thus presented with two questions:

(1)  Is a motion to dismiss, filed pursuant to the authority of § 2-901, *supra,* a dilatory pleading within the contemplation of Supreme Court Rule 1-3A, *supra?*

(2)  May the trial judge accept other pleadings from a defendant besides an answer admitting or denying the facts in the complaint after he has ordered defendant to answer the complaint?

We must first determine whether the motion to dismiss is a dilatory pleading such as one that *must* be joined and filed with other pleadings that come within the ambit of Supreme Court Rule 1-3A, *supra.* Dilatory pleas are those within

"A class of defenses at common law, founded on some matter of fact not connected with the merits of the case,

*but such as might exist without impeaching the right of action itself.* They were either pleas to the jurisdiction, showing that, by reason of some matter therein stated, the case was not within the jurisdiction of the court; or pleas in suspension, showing some matter of temporary incapacity to proceed with the suit; or pleas in abatement, showing some matter for abatement or quashing the declaration." Black's Law Dictionary (Fourth Edition) (our emphasis).

Supreme Court Rule 1-3A, *supra,* recognizes that certain motions are "dilatory," such as:

". . . a motion to separate a pleading into rhetorical or pleading paragraphs; a motion to make a pleading more specific; a motion to strike out parts of a pleading; and a motion to require, the pleading of facts to sustain conclusions, . . ."

The above list is not necessarily all-inclusive. Our courts have held, for example, that a plea in abatement is a dilatory plea. *Grider* v. *Scharf* (1947), 225 Ind. 251, 266, 73 N. E. 2d 749; *Gaddis* v. *Barnes, Jr., et al.* (1953), 123 Ind. App. 624, 112 N. E. 2d 881.

However, the above-mentioned motion to dismiss directed to the second amended complaint is apparently not such a dilatory motion that is contemplated by Supreme Court Rule 1-3A, *supra.* The motion was filed under the authority of § 2-901, *supra,* which provides in part that:

"An action may be dismissed without prejudice—. . . Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action." (Acts 1881 [Spec. Sess.], ch. 38, § 433, p. 240; 1961, ch. 224, § 1, p. 535.)

The Supreme Court has held that a motion to dismiss under § 2-901, *supra,* is not a plea in suspension, or abatement, but a plea to definitely end the action. *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 101, 84 N. E. 2d 181. The *effect* of a dismissal under a motion to dismiss is

well stated in *Bryan* v. *Smith* (1949 CA 7), 174 F. 2d 212, 214, 11 A. L. R. 2d 1402, 1405-1406:

" 'It is a well-settled rule that after a plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, the court is without further jurisdiction and has no right to render any judgment either for or against the plaintiff. *The parties are out of court for every purpose other than to carry the order of dismissal or nonsuit into effect or to vacate or modify it; . . .'*

It is as if the suit had never been brought. 27 C. J. S., Dismissal and Nonsuit, § 39; Maryland Casualty Co. v. Latham, 5 Cir., 41 F. 2d 312. No steps can be taken upon the suit after dismissal. Miller v. Mans, 28 Ind. 194, 195. Any steps taken thereafter are a nullity. Elston and Others v. Drake, in Error, 5 Blackf., Ind. 540. The dismissal *'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and of defendant, and all issues, with respect to plaintiff's claim.'* 27 CJS, supra, § 30." (our emphasis)

Also, see 10 I. L. E., Operation and Effect of Dismissal, § 39 and *Breese and Another* v. *Allen* (1859), 12 Ind. 426.

It follows that because of the result contemplated by a motion to dismiss, it can in no way be construed as a plea in suspension, a showing of temporary incapacity, or a plea to the jurisdiction. Also, a motion to dismiss under § 2-901, *supra,* does not seem to be related to the pleadings enumerated in Supreme Court Rule 1-3A, *supra.* This rule includes those pleas which are directed against formal defects in the complaint; whereas a motion to dismiss under § 2-901, *supra,* contemplates various causes for dismissal, none of which include dismissal because of formal defects in the pleading. The motion to dismiss under § 2-901, *supra,* is therefore not a dilatory motion contemplated by Supreme Court Rule 1-3A, *supra,* and it does not necessarily have to be joined with motions that are the proper subject of this rule.

We also point out that proper judicial administration necessitates that a trial judge has the power to arrange the order

of his business. See § 2-1106, Burns' 1946 Replacement, 1964 Cumulative Pocket Supplement and *Rooker* v. *Bruce* (1908), 171 Ind. 86, 88, 85 N. E. 351. Thus, the judge has the power to accept and rule upon motions in the order that he sees fit within Supreme Court and statutory rules. The trial judge in the instant case, within his judicial prerogative, obviously decided the best procedure was to overrule the motion to dismiss and to entertain the second motion, such plea being filed within the time allotted in the rule to answer.

Our next consideration is directed to the question of the effect of the rule to answer. A rule to answer does not seem to constitute such an order of the court that may not be treated with discretion by the court that institutes the rule in the first place. It has been expressly held that allowing the filing of pleadings *after* a rule to answer has expired is within the sound discretion of the trial court. *Evansville White Swan Laundry* v. *Goodman* (1950), 228 Ind. 253, 257, 91 N. E. 2d 180.

We are of the opinion that a general rule to answer may be satisfied by: (1) the filing of an answer directed to the merits of the complaint as provided in Supreme Court Rule 1-3, or (2) the filing of a pleading under the authority of Supreme Court Rule 1-3A, *supra*, or (3) the filing of other pleadings not contemplated by the two above-mentioned rules, which are ordinarily submitted after a complaint is filed.

In the trial court proceedings in the instant case, the court accepted and ruled upon a motion filed in compliance with Supreme Court Rule 1-3A, *supra*. We therefore hold that appellees were not in default in not pleading to the complaint by admitting or denying the facts as called for in Supreme Court Rule 1-3, *supra*, as appellant seems to insist was necessary. Therefore, appellant was not necessarily entitled to a judgment on his motion for a judgment on the pleadings.

Furthermore, we note that the trial judge in this case was giving appellant every opportunity to have his day in court. He overruled appellees' motion to dismiss which alleged that appellant had not conformed to the previous court order mandating appellant to modify his original complaint. The order to plead over pursuant to appellees' second motion was apparently designed to remedy the defects that were not remedied by appellant as previously ordered by the court.

The judge then ordered appellant to plead over on four (4) separate occasions. On the last ruling of January 10, 1961, the trial court ordered appellant to amend his complaint to conform to his ruling on or before a date certain at a specific time, that being January 23, 1961 at 9:00 A.M. By failing to comply with this last order, appellant had shown a clear election to stand on his pleadings and to disregard the court's order. Appellees then filed a motion to default under § 2-1102, Burns' 1946 Replacement. This statute provides that

"If, from any cause, either party shall fail to plead or make up the issues within the time prescribed, the court shall forthwith enter judgment as upon a default, unless, for good cause shown, further time be given for pleading, on the payment of the costs occasioned by the delay." (Acts 1881 [Spec. Sess.], ch. 38, § 105, p. 240.)

It is obvious that the trial court was acting properly pursuant to statutory authority in entering default judgment against appellant.

We hold for the reasons stated that no error was committed by the trial court in overruling appellant's motion for a judgment on the pleadings and the trial court properly entered default judgment for appellees.

Therefore, the judgment of the trial court is hereby affirmed.

Bierly, P. J., Mote and Smith, JJ., concur.

NOTE.—Reported in 203 N. E. 2d 835.