(No. 76115.

ELIZABETH SANDER *et al.,* Appellees, v. DOW CHEMICAL COMPANY *et al.,* Appellants.

*Opinion filed March 30, 1995.—Rehearing denied May 30, 1995.*

Constantine L. Trela, Stephan V. Beyer and Jeffrey H. Dean, of Sidley & Austin, of Chicago, for appellant Dow Chemical Co. *et al.*

Fred E. Schulz and Ruth E. VanDemark, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant Minnesota Mining & Manufacturing Co.

Richard C. Bartelt and Ruth E. VanDemark, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant Olin Corp.

Steven R. Merican, of Rivkin, Radler & Kremer, of Chicago, for appellant Sandoz Pharmaceuticals Corp.

Michael Pollard, of Baker & McKenzie, of Chicago, for appellant BASF Wyandotte.

Patrick Donnelly, of Sedgwick, Detert, Moran & Arnold, of Chicago, for appellant S.C. Johnson & Son, Inc.

Michael Resis, of Querry & Harrow, Ltd., of Chicago, for appellant PBI Gordon Corp.

Manuel Sanchez, of Sanchez & Daniels, of Chicago, Paul A. Rajkowski and Carol Stark, of Donohue Rajkowski, Ltd., of St. Cloud, Minnesota, R. Gerald Barris, of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, and Bruce D. Ryder, of Coburn & Croft, of St. Louis, Missouri, for appellant Agricultural Group of Monsanto Co.

Bennett R. Heller, of Wilson, Elser, Moskowitz, Edelman & Dicker, of Chicago, for appellant Miller Chemical & Fertilizer Co.

William E. Hoversen, Jr., and Charles A. Wright, of Modesto, Reynolds & McDermott, of Chicago, for appellant Chemical Systems, Inc.

Robert K. Bush, of Ancel, Glink, Diamond & Cope, P.C., of Chicago, for appellant Des Plaines Park District.

Patrick Healy, of Jerome G. McSherry & Associates, of Chicago, for appellant Precision Laboratories, Inc.

Dennis E. Carlson, of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

The issue raised in this appeal is whether Illinois Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) authorizes a trial court to dismiss a cause of action with prejudice due to repeated violations of court orders to file amended pleadings and the failure to respond to a

discovery-related defense motion. We also determine whether, notwithstanding Rule 219(c), a trial court has the inherent power to dismiss a cause of action with prejudice because of such violations.

Plaintiffs, Elizabeth and James Sander and their two minor children, filed a one-count complaint in the circuit court of Cook County against 26 chemical manufacturing companies (chemical companies) and the Des Plaines park district on February 27, 1990. The complaint alleged injuries caused by plaintiffs' exposure to the products of the chemical companies. According to the complaint, Sander was exposed to these products during the course of his employment as a pesticide applicator for the park district, and his wife and children were exposed to the products as a result of their contact with his body, breath, clothing and automobile. The complaint alleged that as a result of the unreasonably dangerous nature of the products of the chemical companies and the willful and wanton negligence of the park district, Sander and his wife and children suffered injuries and developed sensitivities which caused various health problems.

On December 5, 1991, the trial court dismissed plaintiffs' action with prejudice pursuant to Supreme Court Rule 219(c) for plaintiffs' failure to comply with certain court orders. The court denied plaintiffs' motion to vacate the order dismissing the complaint and plaintiffs appealed. The appellate court reversed the judgment of the trial court, holding that the trial court was without authority to dismiss plaintiffs' action with prejudice for plaintiffs' failure to comply with the court's orders to amend the complaint. (252 Ill. App. 3d 403.) A recitation of the history of this case is necessary to determine whether the trial court properly dismissed plaintiffs' action.

## FACTS

Plaintiffs filed their original complaint on February 27, 1990. By agreement of the parties, the court entered an order striking plaintiffs' complaint and allowed plaintiffs leave to file an amended complaint on or before September 7, 1990. On September 7, 1990, plaintiffs filed a motion for leave to file an amended complaint *instanter* and an accompanying draft of a "First Amended Complaint." The draft of the complaint contained counts alleging products liability, negligence and fraud counts against only the Dow Chemical Company and only on behalf of plaintiff James Sander. The motion for leave to file *instanter* stated that the first-amended complaint was a "draft" and asserted claims only against Dow Chemical. The motion also sought additional time to "draft additional theories of recovery" and to prepare an amended complaint.

On September 26, 1990, the trial court held a hearing on plaintiffs' motion, and granted plaintiffs 14 additional days to file an amended complaint. During the hearing, the court informed plaintiffs' counsel that plaintiffs could not plead a claim for punitive damages, as was pleaded in count III of the "draft" of the first-amended complaint.

On October 9, 1990, plaintiffs filed a pleading entitled "Part One As To Dow Only Of Multiple Party Defendant Complaint, Entitled As To All Parts, First Amended Complaint, Additional Parts Being Separately Stated And Filed" (hereinafter referred to as the first-amended complaint). This complaint again alleged products liability, negligence and fraud on behalf of James Sander and added counts IV, V, and VI, which repeated the same allegations on behalf of Elizabeth Sander and the two children. The first-amended complaint charged only Dow Chemical and again included a claim for punitive damages. All defendants other than Dow Chemical filed a motion to dismiss for want of pros-

ecution on November 8, 1990. On November 28, 1990, the trial court ordered plaintiffs' complaint as to all defendants except Dow stricken, and ordered that "plaintiffs shall file an amended complaint against said defendants on or before December 5, 1990." The court further struck the charge in the first-amended complaint seeking punitive damages against Dow Chemical.

On December 5, 1990, the plaintiffs filed a pleading entitled "Motion [to] Use Sample Form Complaint for Service on Codefendants Not Named in Counts Being Served ***." The motion requested that the plaintiffs be allowed to serve each defendant with only one copy of the complaint bearing the name of that defendant and its product. Plaintiffs further sought to serve each defendant with one form copy of the same complaint used for every other defendant. The form copy contained blanks on which the names of the other defendants and their respective products were to be inserted, along with a list of the names of the other defendants and their products. Plaintiffs explained in their motion that the purpose of the request was to reduce the excessive cost of "serving a copy of every defendant's complaint on every other defendant." A copy of the proposed form complaint was attached and exceeded 400 pages. The complaint against Dow Chemical contained a claim for punitive damages similar to the claim that the court had previously ordered stricken.

The case was transferred to Judge Michael Gallagher on December 21, 1990. Judge Gallagher ordered a status hearing to be held on January 24, 1991, and further granted plaintiffs leave to file a second-amended complaint on or before January 11, 1991. Plaintiffs' attorney failed to file a second-amended complaint by January 11, 1991, and also failed to appear at the January 24, 1991, hearing. On January 24, 1991, pursuant to the defendants' motion to dismiss, the trial court

dismissed plaintiffs' action for want of prosecution. The court stated in its order that the action was dismissed "in light of plaintiff's failure to file a second amended complaint in violation of the court's order of December 21, 1990."

On February 6, 1991, plaintiffs filed a "Motion for Leave to File and Reset for Status," in which plaintiffs asked the court to permit them to file a second-amended complaint *instanter*. On February 21, 1991, the court held a hearing on plaintiffs' motion. During this hearing, the court asked for an explanation as to why plaintiffs' counsel failed to appear at the January 24 hearing:

> "THE COURT: We waited until 1:18 p.m., and you never appeared, or we never heard from you until this motion was filed. I would like some explanation as to what happened.
>
> \* \* \*
>
> MR. CARLSON [plaintiffs' attorney]: Well, what happened is that there was a failure to diary the date in the office diary \*\*\*. It was just simply a lapse of memory. That's all."

Thereupon the court vacated its January 24 order dismissing plaintiffs' action and granted plaintiffs' motion for leave to file a second-amended complaint *instanter*. The court further ordered defendants to answer plaintiffs' second-amended complaint on or before March 28, 1991, and directed plaintiffs to file responses to all outstanding written discovery requests and to all outstanding requests to admit on or before April 9, 1991. Plaintiffs were ordered to respond to any motions to dismiss filed by the defendants by May 2, 1991. The court scheduled a hearing on May 16, 1991, on any pleading-related motions filed by the defendants.

Plaintiffs filed their second-amended complaint on February 21, 1991. The second-amended complaint contained one products liability count and one negli-

gence count on behalf of James Sander, Elizabeth Sander and the two children against each of the 26 chemical companies. The complaint also contained two counts alleging fraud against Dow Chemical and one count which alleged both negligence and strict liability against the park district on behalf of all four plaintiffs.

On March 28, 1991, all of the defendants collectively filed a motion to dismiss plaintiffs' second-amended complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). Plaintiffs failed to respond to defendants' discovery requests by April 9, 1991. Consequently, several defendants filed motions to compel discovery. Plaintiffs filed a response to the chemical companies' motion to dismiss on May 3, 1991 (one day later than the deadline set by the court).

At the May 16, 1991, hearing on the defendants' motions to dismiss, the court noted the repeated tardiness of plaintiffs' counsel for court hearings:

"THE COURT: By my watch it is now 1:15 p.m. We've all been waiting for Mr. Carlson to appear. We have not heard word as to whether he is on his way or anything as to his whereabouts.

This is, I believe, the fourth time that this has occurred, including the time when I dismissed the case for want of prosecution ***."

At the hearing on the defendants' motions to dismiss, the trial court dismissed with prejudice all claims of plaintiffs James and Elizabeth Sander against the park district and the strict liability claims of the two children against the park district. The court made the dismissals final and appealable pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The court further ordered the negligence claims of the two minor children against the park district stricken from the complaint, and struck various other portions of the complaint which affected all 106 counts against the chemical companies. Plaintiffs

did not request an order making these rulings final and appealable. The court granted plaintiffs 45 days to file an amended complaint and replead the negligence count against the park district on behalf of the children.

On June 28, 1991, the court granted plaintiffs additional time to file their amended complaint and ordered plaintiffs to file amendments to the complaint by July 15, 1991. The court further ordered plaintiffs to reply to a motion for a protective order filed on behalf of defendant Monsanto Corporation by July 25, 1991. Plaintiffs failed to file either an amended complaint or a response to Monsanto Corporation's motion within the time limit ordered by the court. Instead, on August 2, 1991, plaintiffs filed a motion for leave to file their amended complaint *instanter*. On August 7, 1991, the court granted plaintiffs leave to file the amended complaint prior to August 12, 1991, and ordered plaintiffs to file the response to Monsanto Corporation's motion by August 22, 1991.

Plaintiffs failed to file either the amended complaint or the response by the August 12 and August 22 deadlines. On August 21, 1991, counsel for defendant Dow Chemical received a letter from plaintiffs dated August 20, 1991, and a copy of a document entitled "Amendment To Complaint Filed On 2/21/91." The letter described the proposed amendment as "a redraft of the first four counts of the complaint against Dow which will serve as a model, subject to various deletions, for most of the remaining defendants." The letter explained that "we are tardy in filing the currently required amended complaint and need a couple of more days to get the entire document on one disk and get it copied for all parties ***. In addition to the burdens of this lawsuit, the burdens of the rest of my practice interfere with the constant demands of this file." Plaintiffs did not file the proposed amended complaint with the court.

On August 27, 1991, Dow Chemical and 13 other defendants filed a motion to dismiss plaintiffs' cause of action with prejudice, based on plaintiffs' failure to comply with the court's orders. Six other defendants filed motions to dismiss which adopted the averments set forth in the motion to dismiss filed by Dow Chemical. On August 29, 1991, plaintiffs filed a motion to file their amended complaint *instanter*. At a hearing held on September 3, 1991, defendants pointed out that plaintiffs had twice failed to file their amended complaint within the time ordered by the court, and that the amendments plaintiffs tendered to the defendants restated many of the paragraphs and subparagraphs that the court had ordered stricken from the complaint.

Plaintiffs' attorney stated that the reason he included stricken allegations in the amended complaint was to avoid waiving review of the stricken allegations on appeal. The court explained to plaintiffs' attorney that restating the stricken language in the amended complaint was improper. The court denied the defendants' motion to dismiss and ordered plaintiffs to delete the stricken paragraphs and file their third-amended complaint by October 8, 1991. The court again ordered plaintiffs to respond to defendant Monsanto Corporation's motion for a protective order by October 1, 1991.

Plaintiffs filed neither a third-amended complaint nor a response to Monsanto Corporation's motion by October 8, 1991. On October 15, 1991, plaintiffs filed an emergency motion for an extension of time. The court granted plaintiffs until November 7, 1991, to file both their third-amended complaint and a response to Monsanto Corporation's motion.

Plaintiffs had not filed a third-amended complaint or response to Monsanto Corporation's motion and on November 12, 1991, defendants again filed motions to dismiss plaintiffs' cause of action with prejudice. On

November 25, 1991, plaintiffs filed another motion for leave to file their amended complaint *instanter*. At a hearing on November 26, 1991, the court stated to plaintiffs' counsel:

"THE COURT: *** [I]f I were you, I would think very, very seriously about having a complaint in proper form here on Monday morning and be ready to file it, be ready to give everyone a full set of pleadings and let's get going on this."

The court then continued plaintiffs' motion and scheduled a hearing on December 2, 1991, to consider plaintiffs' motion and defendants' motions to dismiss. On December 2, 1991, the court continued to December 5, 1991, the hearing on plaintiffs' motion to file their complaint *instanter* and defendants' motions to dismiss because plaintiffs' counsel had not served a copy of the third-amended complaint on defendants.

The "Third Amended Complaint" that plaintiffs filed on December 2, 1991, contained allegations that were stricken by the court in its May 16, 1991, order and improperly repleaded in the second-amended complaint. At the hearing held on December 5, 1991, defendants argued that plaintiffs had not only repeatedly violated the court's orders as to timeliness, but had also again pleaded matters in their third-amended complaint which the court had previously stricken. At that hearing, the court stated:

"THE COURT: I've given you all this time because you've said you're going to have it in good form.

\* \* \*

I've heard so many excuses and please give me more time and please give me this and please give me that.

\* \* \*

MR. CARLSON: I'm going to withdraw from the case. I don't want to be involved and I can't handle it."

At the conclusion of the hearing, the court dismissed the case with prejudice and allowed plaintiffs 30 days to

file a motion to reconsider. The court warned plaintiffs' counsel that it would not reconsider the dismissal unless the amended complaint was "in proper form with no excuses."

On January 3, 1992, plaintiffs filed a motion to vacate the court's order dismissing plaintiffs' cause of action and sought leave to file a fourth-amended complaint *instanter*. The record indicates that plaintiffs did not file the complaint with their motion to vacate and to file *instanter*. Several defendants were not served with the fourth-amended complaint before the January 14, 1992, hearing on plaintiffs' motion to vacate, and the defendants that were served with a copy of the complaint stated that they received it on the evening of January 13, 1992.

The record reflects that plaintiffs' "Fourth Amended Complaint At Law" contained many of the same allegations that were ordered stricken by the court from plaintiffs' complaint on May 16, 1991. The fourth-amended complaint also contained a prayer for punitive damages, which had been previously stricken by the court and which plaintiffs properly omitted from their third-amended complaint.

At the January 14 hearing on plaintiffs' motion to vacate, plaintiffs' counsel again argued that he had repleaded the stricken allegations to avoid waiving those matters on appeal. Plaintiffs' counsel further argued that if the complaint was sufficient to state a cause of action it would be an abuse of discretion for the court to dismiss the complaint with prejudice.

The trial judge made it clear that he had dismissed plaintiffs' complaint pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) for plaintiffs' repeated failure to comply with court orders and not for plaintiffs' failure to state a cause of action. The court then addressed plaintiffs' motion to vacate in which plaintiffs'

counsel cited no law, but which repeatedly criticized the court and defense counsel for the dismissal of plaintiffs' cause of action:

"THE COURT: I'd suggest to you, sir, that our system and your clients would be much better served if you stop producing these pontificating meanderings that you produced in that motion which was self-serving, self-exculpatory and totally misguided. And instead, do what I have given you more than ample time to do; and that is file a complaint.

\* \* \*

I have endeavored to give you time when you've asked for it. In the last two hearings \*\*\* I told you, first, that I would give you more time. I was willing to listen to what you suggested to me was sufficient time to prepare the complaint, but I told you at that time that you had better have the complaint ready. Please listen very carefully to me, please have it ready, sir, because I was losing patience.

\* \* \*

This isn't a situation where you weren't given enough time to amend the complaint. This is a situation where you were given ample time. You went beyond the time I gave you and you did nothing."

The court denied plaintiffs' motion to vacate the December 5, 1991, order dismissing plaintiffs' cause of action with prejudice and plaintiffs appealed.

The appellate court reversed the decision of the trial court to dismiss plaintiffs' action with prejudice, and remanded the cause for further proceedings. The appellate court stated that pursuant to Rule 219(c), Illinois courts are empowered to impose the sanction of dismissal with prejudice in only very limited circumstances. (252 Ill. App. 3d at 417.) The appellate court concluded that "the judge did not find any violation of a discovery order or pretrial order" and reasoned that Rule 219(c) does not authorize a court to dismiss a valid complaint with prejudice for repleading matters that

have previously been stricken. (252 Ill. App. 3d at 415-16.) The appellate court also opined that the trial court was without the power to dismiss plaintiffs' cause of action with prejudice pursuant to its inherent authority to control its business. (252 Ill. App. 3d at 417-18.) We disagree.

## ANALYSIS

We first address the issue of whether Supreme Court Rule 219(c) authorized the trial court to dismiss plaintiffs' cause of action with prejudice for repeatedly violating the orders at issue in this case. We note that plaintiffs restated stricken allegations in their amended complaint, presented the complaint after the court-ordered deadlines, and ignored the court's order directing plaintiffs to respond to Monsanto Corporation's motion for a protective order.

Rule 219(c) states:

"(c) Failure to Comply with Order or Rules. If a party *** unreasonably refuses to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

\* \* \*

(v) that, as to any claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his action be dismissed with or without prejudice." (134 Ill. 2d R. 219(c).)

The sanctions identified in Rule 219(c) may be imposed for a party's failure to comply with orders entered by the court pursuant to Rule 218. Rule 218 states in pertinent part:

"(a) Conference. In any civil case, the court may hold a pretrial conference *** to consider:

(1) the simplification of the issues;

(2) amendments to the pleadings;

\* \* \*

(5) any other matters which may aid in the disposition of the action.

(b) Order. The court shall make an order which recites any action taken by the court and the agreements made by the parties as to any of the matters considered, and which specifies as the issues for trial those not disposed of at the conference. The order controls the subsequent course of the action unless modified.

\*\*\*

(d) Enforcement. The court shall make and enforce all rules and orders necessary to compel compliance with this rule, and may apply the remedies provided in paragraph (c) of Rule 219." (134 Ill. 2d R. 218.)

Plaintiffs contend, and at least two panels of the appellate court have opined, that the sanctions provided for in Rules 218 and 219 are intended only as an interdiction for violations of orders pertaining to discovery. (See *Sanelli v. Glenview State Bank* (1984), 126 Ill. App. 3d 411; *Alswang v. Claybon* (1977), 53 Ill. App. 3d 961.) Thus, plaintiffs conclude that our supreme court rules did not confer upon the trial court the authority to dismiss plaintiffs' cause of action for violations of court orders regarding the filing of amended pleadings. Plaintiffs' conclusion contradicts the language and purpose of Rules 218 and 219.

When interpreting its rules, this court looks to the plain meaning of the language employed by the rules. Rule 219(c) unequivocally authorizes trial courts to sanction parties who unreasonably refuse to comply with "any order entered under these rules," including the rules relating to pretrial procedures set forth in Rule 218.

In our view, the court orders at issue in the case at bar and plaintiffs' refusal to comply with those orders fall within the purview of Rules 218 and 219. On four

separate occasions, the trial court entered orders setting deadlines for the filing of plaintiffs' amended complaint. The court also ordered plaintiffs to reply to Monsanto Corporation's motion for a protective order relating to discovery on or before specific dates. Plaintiffs violated each of these orders. In addition, plaintiffs repeatedly violated court orders that struck certain allegations in plaintiffs' complaint. Those allegations were pled again in plaintiffs' second-amended and third-amended complaints. These court orders directly addressed pretrial issues concerning amendments to the pleadings, the simplification of issues and the court's pretrial calendar, each of which is expressly contemplated in Rule 218 (134 Ill. 2d R. 218).

The appellate court stated that Rule 219 sanctions may only be imposed for violations of discovery orders and pretrial orders. (252 Ill. App. 3d at 415 (citing *Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, and *Bejda v. SGL Industries, Inc.* (1979), 73 Ill. App. 3d 484, *aff'd in part & rev'd in part on other grounds* (1980), 82 Ill. 2d 322).) This is a correct statement of the law. However, we cannot agree with the appellate court's conclusion that the trial judge did not find any violation of a pretrial order. The appellate court did not consider that the orders at issue in this case were "pretrial orders" within the purview of Rule 219(c). We conclude that the appellate court's perception of what constitutes "pretrial orders" was unnecessarily narrow in light of our interpretation of the language of Rules 218 and 219 discussed above.

The decisions in *Kraus* and *O'Reilly,* cited by the appellate court, are inapplicable in the present case because the basis for the dismissals in those cases was not made explicit by the trial court. The appellate court in *Kraus* and *O'Reilly* treated the dismissals as dismiss-

als for want of prosecution, without prejudice. (See *Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 212; *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 949-50.) In the case at bar, the trial judge specifically dismissed the Sanders' complaint for violations of court orders pursuant to Rule 219(c).

Orders entered pursuant to Rule 218 may result from issues considered at a "pretrial conference." In light of the purpose of pretrial conferences, *i.e.*, to clarify issues and guide discovery to expeditiously reach trial or settlement (see *American Society of Lubrication Engineers v. Roetheli* (1993), 249 Ill. App. 3d 1038, 1043), limiting the sanctions available under Rules 218 and 219 to violations of "pretrial conference" orders would be an arbitrary limitation which fails to consider the practical aspects of pretrial procedure.

Our interpretation of Rules 218 and 219 is consistent with both the limitations on discovery and the purpose of discovery. Supreme Court Rule 201 limits the scope of discovery to "any matter relevant to the subject matter involved in the pending action." (134 Ill. 2d R. 201(b)(1).) It is axiomatic that "discovery should only be utilized to 'illuminate the actual issues in the case.' " (*Owen v. Mann* (1985), 105 Ill. 2d 525, 530, quoting *Sarver v. Barrett Ace Hardware, Inc.* (1976), 63 Ill. 2d 454, 460.) In order to determine the appropriate scope of relevant discovery, it is necessary that the pleadings set forth the claims and defenses in the lawsuit. (See *Owen*, 105 Ill. 2d at 530.) Thus, the scope and procession of discovery may depend on the court's orders regarding the pleadings.

Plaintiffs' counsel acknowledged the relationship between pleadings and discovery at the May 16, 1991, hearing, during which the trial court struck plaintiffs' fraud claims against Dow Chemical due to a lack of specificity in the allegations. At the hearing plaintiffs'

counsel argued that the court should not strike the fraud counts because plaintiffs feared that they would then be unable to conduct discovery with regard to the fraud claim "because now it's not material and relevant discovery."

The court's orders directing plaintiffs to amend their pleadings were consistent with the objective of discovery: to facilitate the prosecution of cases and narrow the issues in order to expeditiously reach a disposition which fairly vindicates the rights of the parties. (*Owen*, 105 Ill. 2d at 530; see *Williams v. A.E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 566.) We conclude that the trial court in the case at bar possessed the authority to sanction a party pursuant to Rule 219(c), not only for violations of discovery orders, but also for violation of the trial court's orders instructing plaintiffs to strike certain allegations from the pleadings, file amended pleadings and respond to Monsanto Corporation's motion for a protective order. See *Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34 (cause of action dismissed for plaintiff's failure to appear at pretrial conference as ordered by court); *Skees v. Growmark, Inc.* (1987), 158 Ill. App. 3d 842 (cause of action dismissed for plaintiff's failure to file amended pleading within court-ordered deadline); *Miller v. Board of Education* (1983), 119 Ill. App. 3d 88, 95 (plaintiffs dismissed from suit for failure to appear at a "show-up" conference that was held for the purpose of determining which plaintiffs wished to continue the prosecution of their claims).

We also conclude that apart from Rule 219(c), a trial court, pursuant to its inherent authority, is empowered to dismiss a cause of action with prejudice for violations of court orders. This court has noted that a trial court's dismissal of a complaint with prejudice may be upheld on the basis of the court's inherent authority to control its docket. (*Bejda v. SGL Industries, Inc.* (1980), 82 Ill.

2d 322, 328.) A court's power to dismiss for failure to prosecute a cause of action exists " 'independent of any statute.' " (*Bejda*, 82 Ill. 2d at 329, quoting *Epley v. Epley* (1928), 328 Ill. 582, 585; see *Village of Pawnee v. Knostman* (1983), 115 Ill. App. 3d 842, 849, citing *Bejda v. SGL Industries, Inc.* (1980), 82 Ill. 2d 322, 328.) The recognition of the court's inherent authority is necessary to prevent undue delays in the disposition of cases caused by abuses of procedural rules, and also to empower courts to control their dockets. See *Nicholson v. Chicago Bar Association* (1992), 233 Ill. App. 3d 1040, 1045.

The appellate court declined to interpret *Bejda* as precedent for the proposition that a trial court may dismiss a cause of action with prejudice pursuant to its inherent authority. The appellate court noted, and plaintiffs argue, that although this court in *Bejda* stated that the dismissal in that case could have been upheld pursuant to the trial court's inherent authority, such statement in *Bejda* was *dicta*. (252 Ill. App. 3d at 417.) The appellate court believed that a more clear direction from this court than was provided in *Bejda* was required in order to conclude that a trial court has the inherent power to dismiss a cause of action under the circumstances of this case.

The court in *Bejda* assumed that the dismissal at issue in that case was "with prejudice." The court stated that the dismissal "could nonetheless be upheld as within the court's inherent authority to control its business." (*Bejda*, 82 Ill. 2d at 329.) Although this court concluded that sanctions were not justified under the circumstances of *Bejda* and that the trial court had abused its discretion, the court in *Bejda* recognized the inherent authority of a trial court to dismiss a cause of action with prejudice because of a litigant's disregard of court orders.

Other jurisdictions have recognized a trial court's authority to dismiss a cause of action with prejudice based on a refusal to obey court orders to amend pleadings. (See, *e.g.*, *Rodriguez v. Mallory Battery Co.* (1982), 188 Conn. 145, 448 A.2d 829; *Buckner v. Lower Florida Keys Hospital District* (Fla. App. 1981), 403 So. 2d 1025; *Davis v. Thiede* (1965), 138 Ind. App. 537, 203 N.E.2d 835; *Banaszewski v. Colman* (1984), 131 Mich. App. 92, 345 N.W.2d 647; see generally *Dismissal of State Court Action for Plaintiff's Failure or Refusal to Obey Court Order Relating to Pleadings or Parties*, 3 A.L.R.5th 237 (1992).) This court has described judicial authority to dismiss a cause action with prejudice as "the most effective sanction" against the disregard of court orders. (See *Keilholz*, 59 Ill. 2d at 38.) Thus, we acknowledge the inherent authority of a circuit court to dismiss a cause of action with prejudice for failure to comply with court orders where the record shows deliberate and continuing disregard for the court's authority. See *Nicholson v. Chicago Bar Association* (1992), 233 Ill. App. 3d 1040; *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.* (1984), 128 Ill. App. 3d 763.

Having determined that the trial court had the power to dismiss plaintiffs' complaint, we address the question of whether the dismissal was an abuse of judicial discretion. Reversal of a trial court's decision to impose a particular sanction is only justified when the record establishes a clear abuse of discretion. (*Boatmen's National Bank v. Martin* (1993), 155 Ill. 2d 305, 314, citing *Ashford v. Ziemann* (1984), 99 Ill. 2d 353, 369.) In our view, the plaintiffs' conduct in the present case warranted the sanction imposed.

Dismissal of a cause of action or sanctions which result in a default judgment are drastic sanctions and should only be employed when it appears that all other enforcement efforts of the court have failed to advance

the litigation. (See *Hartnett v. Stack* (1993), 241 Ill. App. 3d 157, 175-76; *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.* (1984), 128 Ill. App. 3d 763, 773; *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 1028.) The purpose of imposing sanctions is to coerce compliance with court rules and orders, not to punish the dilatory party. (See *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 186; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 66.) Dismissal of a cause of action for failure to abide by court orders is justified only when the party dismissed has shown a deliberate and contumacious disregard for the court's authority. See *Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 323; *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.* (1984), 128 Ill. App. 3d 763, 773; *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 994; see also *Skees v. Growmark, Inc.* (1987), 158 Ill. App. 3d 842, 846; *Simmons v. Shimek* (1985), 139 Ill. App. 3d 927, 928.

In determining an appropriate sanction, the trial judge must weigh the competing interests of the parties' rights to maintain a lawsuit against the necessity to accomplish the objectives of discovery and promote the unimpeded flow of litigation. (See *Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 1013.) As the United States Supreme Court has observed, "keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." (*Link v. Wabash R.R. Co.* (1962), 370 U.S. 626, 634 n.10, 8 L. Ed. 2d 734, 740 n.10, 82 S. Ct. 1386, 1390 n.10.) The trial judge must consider the importance of maintaining the integrity of our court system. It is this integrity that equips the trial judge with the authority to protect competing interests. (See *People v. Gholson* (1952), 412 Ill. 294, 302 ("[w]e do not believe a court can adequately,

promptly and efficiently protect and preserve its judicial authority and processes, the rights of litigants, and the interest of the people in the integrity and authority of their courts, without power to \*\*\* determine if contumacious acts \*\*\* have been perpetrated against the court").) Where it becomes apparent that a party has willfully disregarded the authority of the court, and such disregard is likely to continue, the interests of that party in the lawsuit must bow to the interests of the opposing party. Our review of the record leads us to conclude that the trial court did not abuse its discretion by imposing the sanction at issue in this case.

We reiterate the appellate court's observation of the "surfeit of patience the trial judge displayed toward the plaintiffs' attorney." (252 Ill. App. 3d at 413.) We agree that the trial judge's frustration with plaintiffs' attorney was justified. As stated previously, during the final five months of this litigation, plaintiffs violated four separate court orders setting the deadlines for the filing of their amended complaint, failed to reply to Monsanto Corporation's motion for a protective order and continued to replead matters in the amended complaints that had been previously stricken by court order.

Plaintiffs assert that it was necessary for them to replead the stricken allegations because of this court's ruling that "a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints." (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 153.) However, we agree with the appellate court's observation that plaintiffs' rights would have been preserved if plaintiffs had exercised the option of standing on their complaint and obtained a Rule 304(a) appealable order with respect to the stricken material. 252 Ill. App. 3d 403.

Plaintiffs contend that the trial court abused its discretion because their complaint stated a cause of action notwithstanding the stricken material. However, the trial court dismissed this cause of action for plaintiffs' failure to abide by the court's orders, not for a failure to state a cause of action in their complaint. Even. if a portion of plaintiffs' complaint had stated a cause of action, the pleading was riddled with extraneous allegations too ambiguous for the defendants to answer. For example, in the "Fourth Amended Complaint at Law" plaintiffs' fraud claim contained allegations that defendant Dow Chemical conducted a "multimillion dollar mass media campaign" which made misrepresentations such as: "(i). That its pesticidal and herbicidal product are safe for human exposure whether lethal or harmful to pets, fish, birds, wildlife and other animals or not; (ii) That it is a corporation generally interested in and engaged in promoting environmental issues and concerns; (iii) That it is a corporation embued with humanitarian concerns and interests as evidenced by its publicized special provision for expensive sophisticated medical and hospital care for unfortunate victims of catastrophic disease, illness and injury." Until plaintiffs removed the stricken allegations or repleaded them with enough specificity to apprise defendants of what plaintiffs were alleging, the litigation could go no further. (See *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 459 (affirming trial court's dismissal of fraud allegations because complaint failed to allege facts with sufficient specificity to state a cause of action in fraud).) Thus, by refusing to amend their pleadings as ordered by the court, plaintiffs stifled the litigation.

Plaintiffs further argue that they should have been allowed to refile their lawsuit within one year "from the date of a dismissal for want of prosecution" pursuant to section 13—217 of the Code of Civil Procedure (735 ILCS

5/13—217 (West 1992)). This argument fails because, as previously discussed, plaintiffs' cause of action was dismissed with prejudice not for want of prosecution, but for the failure to abide by court orders. A dismissal for violation of pretrial orders is different from a dismissal for want of prosecution within the meaning of section 13—217 of the Code of Civil Procedure and involves different consequences. (See *Keilholz*, 59 Ill. 2d at 37-38.) We also note that plaintiffs' action was once dismissed by the court for want of prosecution and plaintiffs were extended the opportunity to refile their claims.

Plaintiffs urge that this lawsuit was improperly dismissed with regard to the two Sander minors. They argue that pursuant to the statute of limitations applicable to children under sections 13—211 and 13—213(d) of the Code of Civil Procedure, they had until two years after reaching the age of 18 to bring their action. (735 ILCS 5/13—211, 13—213(d) (West 1992).) The statute of limitations for minors cited by plaintiffs simply extends the time during which a minor is entitled to bring a cause of action for personal injury. It does not proscribe courts from dismissing such a cause of action with prejudice before the period of limitation has run after the suit has been filed.

We hold that Supreme Court Rule 219(c) vested the trial court with the authority to dismiss the cause of action with prejudice for plaintiffs' repeated violations of the court's orders under the facts of this case. We further hold that in addition to the authority found in Rule 219(c), the court possessed the inherent authority to dismiss plaintiffs' cause of action with prejudice. Upon review of the record we conclude that the trial court did not abuse its discretion in dismissing the complaint and denying plaintiffs' motion to vacate the dismissal.

Accordingly, we reverse the judgment of the appellate court and affirm the judgement of the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*