NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 220952-U

NO. 4-22-0952

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 16, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MICHAEL E. SMITH, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Jersey County |
| BETTER VAPES, INC., | ) | No. 20L7 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Zachary A. Schmidt, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice Cavanagh concurred in the judgment.
Justice Turner specially concurred.

**ORDER**

¶ 1    *Held*: The circuit court acted within its discretion by imposing a sanction on defendant for late-filed responses to discovery requests, but it abused its discretion by finding defendant in default as a severe sanction for the insufficiency of its responses without adequately examining the alleged insufficiencies.

¶ 2    Following the entry of a default judgment as a discovery sanction under Illinois Supreme Court Rule 219(c) (eff. July 2, 2002), the circuit court conducted a bench trial on damages and awarded $1 million in damages against defendant Better Vapes, LLC (Better Vapes). Better Vapes now appeals, arguing that (1) sanctions were not proven, (2) the sanctions imposed were too severe, (3) the circuit court erred by failing to vacate the default judgment, (4) the court erred in admitting medical records, and (5) the award of damages was against the manifest weight of the evidence.

¶ 3        We reverse and remand.

¶ 4                          I. BACKGROUND

¶ 5        In April 2020, plaintiff, Michael E. Smith, filed a multicount complaint against Better Vapes, seeking damages for burn injuries he received on August 12, 2019, following the explosion of lithium-ion batteries purchased from Better Vapes. According to the second amended complaint, plaintiff asserted the following theories of relief: (1) strict liability—product defect (count I); (2) strict liability—failure to warn (count II); (3) negligent failure to warn (count III); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2020)) (count IV); breach of implied warranty of fitness for a particular purpose (count V); and breach of implied warranty of merchantability (count VI). In September 2021, defendant filed an answer to the second amended complaint and affirmative defenses of assumption of risk and comparative negligence as to certain counts.

¶ 6              A. Discovery Issues and Plaintiff's Motion to Compel

¶ 7        Plaintiff tendered his first set of interrogatories and first request to produce to defendant with the original complaint on or about July 9, 2020; he resent the discovery requests in mid-September 2021, about the same time defendant filed its answer to plaintiff's second amended complaint. According to the circuit court record, plaintiff made further requests for compliance by e-mails dated November 1 and November 20, 2021, but to no avail.

¶ 8        In mid-December 2021, plaintiff filed a motion to compel defendant's responses to discovery. The motion stated that defendant had refused to answer the outstanding discovery and noted that plaintiff had "sent emails [to] and [had] phone conference [with] defendant's attorney trying to resolve [the] discovery dispute, without success." Plaintiff's motion requested the entry

of an order compelling defendant to respond to written discovery within a reasonable time period and without lodging objections.

¶ 9        Two weeks later, and before the presentation of plaintiff's motion to compel, defendant tendered responses to the written discovery requests. Defendant did not file a written response to the motion to compel; moreover, the record does not contain defendant's actual discovery responses or objections posed to any of the discovery requests. Although plaintiff subsequently claimed defendant's responses were "incomplete and insufficient," he did not file a new motion to compel or amend his mid-December filing challenging the sufficiency or completeness of defendant's responses.

¶ 10        The matter proceeded to hearing on plaintiff's original motion to compel— asserting that defendant had not answered discovery—on February 17, 2022. At that time, the circuit court entered an agreed order giving defendant "28 days to comply with discovery requests without objection." No report of proceedings of the hearing on the motion to compel was included in the record on appeal.

¶ 11                          B. Motion for Sanctions

¶ 12        When the 28 days elapsed without any additional response from defendant, plaintiff requested that defendant comply with the circuit court's February 17 order. On May 4, defendant tendered an amended response to plaintiff's discovery. A copy of the amended discovery response does not appear in the record.

¶ 13        On May 27, plaintiff filed a motion for sanctions, asking the circuit court to strike defendant's pleadings, enter judgment in favor of plaintiff, and schedule a hearing on damages. According to plaintiff, defendant's responses to plaintiff's interrogatories Nos. 6, 10, 14, 15, 17, and 21 were "insufficient and incomplete," as were defendant's responses to plaintiff's request for

production Nos. 2, 3, 7, 8, and 15; plaintiff failed to give any further explanation as to how the discovery responses were either incomplete or insufficient, and the allegedly deficient responses were not attached to the motion. Defendant did not file a written response to the motion prior to the hearing, although, as discussed below, we are aware of no rule requiring a response to be filed in advance of the presentment of a motion.

¶ 14       At the July 1, 2022, hearing on plaintiff's motion for sanctions, defense counsel was unable to locate the courthouse, so a stand-in attorney appeared for defendant by phone. Defendant's attorney asked the circuit court to grant defendant an additional 30 to 60 days to answer the interrogatories and file a proper response to the motion for sanctions. Plaintiff responded by stating that defense counsel "always asks for 30 days the day or two before we go." He added, "This keeps on happening again and again and again."

¶ 15       In ruling on the motion for sanctions, the circuit court stated that defendant had "had over a month to respond to this *** particular Request for Sanctions," and that, "as counsel has indicated," the record was "filled with Motions to Compel, Motions for Discovery, Motions for Clarification." The court granted the motion for sanctions, ordered defendant's pleadings stricken, and entered judgment on behalf of plaintiff. The matter was then set for a hearing on damages.

¶ 16       On July 29, defendant moved to vacate the July 1 order pursuant to section 2-1301 of the Code of Civil Procedure (735 ILCS 5/2-1301 (West 2022)), arguing that good cause existed and asserting that it was "not afforded a chance to respond to Plaintiff's motion in writing." Defendant stated it would "tender a proposed written response to Plaintiff's motion upon presentment of this motion" and argued that granting defendant's motion to vacate was "in the furtherance of substantial justice and [did] not prejudice any parties." Plaintiff responded that

defendant had ample time to respond in writing, but it chose not to, and its motion to vacate did not otherwise provide a reason why the motion for sanctions should not have been granted.

¶ 17    At the hearing on the motion to vacate, defense counsel argued that the "actual motion for sanctions [was] vague as to what's incomplete" and that the "sanction of striking pleadings was excessive for what [was], basically, two responses to written discovery that had objections that should have been removed." Defendant then stated, "We don't have a whole lot of stuff to provide so, most of our [answers] are we don't have things." Plaintiff responded, "It's not just the total lack of the answers in terms of many subject areas, such as insurance, but also the vendor." Plaintiff stated that the "big issue" still not being responded to was whether the insurance carrier send a letter of denial of coverage.

¶ 18    The circuit court denied the motion to vacate and upheld the sanctions. Without addressing any specific discovery request or response, the court stated, "[I]t appears that every request that has been made has been responded to either in, you know, 'I don't know. I don't have it. We don't.' " The court added, "There's been what appears to, by the court, no attempt to obtain this information when you, as the Defendants, are in the best position to have this information in the first place, including who you bought certain material or items from." The court further stated that defendant did not appear to "keep much of an interest *** in this case, the case being two years old" and added, "the Supreme Court has issued rulings and in accordance with the cases of this nature, should be completed within two years and even in complex cases, if this were to be considered that, then three years and we're pushing that timeline."

¶ 19                                    C. Bench Trial on Damages

¶ 20    On August 4, 2022, the circuit court held an evidentiary hearing on damages. As a preliminary matter, the court addressed defendant's objection to the admission of plaintiff's

medical records and medical bills relating to his eight days of hospitalization following his injury. Plaintiff presented affidavits from various hospital personnel and asserted that the records were admissible as a business record. Defendant objected, arguing there was "no one here to lay a foundation for those records." He added, "I think there would need to be a physician here who treated in order to lay a foundation as to those records and to describe the injuries and their extent."

¶ 21　　　　The circuit court allowed the medical records to be admitted into evidence but said that "any sort of testimony as to diagnosis or anything that would be—other than personal knowledge of your clients, you know, where you're going to read through where it says that this is what it was and the ask them to explain it. That's not going to be allowed." Again, defendant stated, "I'd object to anything beyond the bills then, *** because if that's what he is trying to establish is what it cost, I don't know why we'd need anything with regard to the records. There's no one here to interpret them." The court then stated, "Those records are going to be allowed. The court will appropriate the proper weight to those records." The court then proceeded with testimony from plaintiff and his wife, and following the close of evidence, it awarded plaintiff $1 million in damages.

¶ 22　　　　　　　　　　　　D. Motion to Reconsider

¶ 23　　　　Defendant filed a timely motion to reconsider the circuit court's August 4 order, arguing that (1) the medical records were improperly admitted into evidence; , (2) the verdict was against the manifest weight of the evidence, and (3) the motion to vacate was improperly denied. Defendant's motion to reconsider was denied on October 13.

¶ 24　　　　This appeal followed.

¶ 25　　　　　　　　　　　　II. ANALYSIS

¶ 26    Defendant raises two central issues on appeal: (1) whether defendant failed to comply with discovery requests and the prior court order, and if so, whether the sanction of default judgment and striking the pleadings was an abuse of discretion And (2) alternatively, whether the award of $1 million damages was against the manifest weight of the evidence. To assess the propriety of the circuit court's sanctions award, we must understand the conduct that constituted defendant's discovery violation and the correlation between that conduct and the sanction imposed.

¶ 27                              A. Rule 219 Sanctions

¶ 28    Illinois Supreme Court Rule 219 (eff. July 1, 2002), entitled "Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conference," reads, in part:

> "If a party, or any person at the instance of or in collusion with a party, unreasonably fails to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just ***. Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

Sanctions may include, among others, the following:

> (i) That further proceedings be stayed until the order or rule is complied with;
>
> (ii) That the offending party be debarred from filing any other pleading relating to any issue to which the refusal or failure relates;
>
> (iii) That the offending party be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue;

(iv) That a witness be barred from testifying concerning that issue;

(v) That, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that the offending party's action be dismissed with or without prejudice;

(vi) That any portion of the offending party's pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue; or

(vii) That in cases where a money judgment is entered against a party subject to sanctions under this subparagraph, order the offending party to pay interest at the rate provided by law for judgments for any period of pretrial delay attributable to the offending party's conduct. Ill. S. Ct. R. 219(c)(i)-(vii) (eff. July 1, 2002).

¶ 29 Moreover, in lieu of or in addition to the above-noted sanctions, the court "may impose upon the offending party or his or her attorney, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee ***." Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

¶ 30 Rule 219 affords a circuit court broad discretion in fashioning a sanction appropriate under the specific circumstances presented in the case at issue. *Stringer v. Packaging Corp. of America*, 351 Ill. App. 3d 1135, 1138 (2004). A circuit court should consider the particular factual circumstances of the case to determine what, if any, sanction is appropriate. *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 118, 127 (1998). Under Rule 219, the circuit court must choose a sanction that will promote discovery, not impose punishment on a litigant. *Wilkins v. T.*

*Enterprises, Inc.*, 177 Ill. App. 3d 514, 517 (1988). An order to dismiss with prejudice or the imposition of a sanction that results in a default judgment should be used only in those cases where a party's actions show a deliberate, contumacious, or unwarranted disregard of the court's authority. *Shimanovsky*, 181 Ill. 2d at 123.

¶ 31 Generally, a sanction will not be reversed absent an abuse of discretion. *Stringer*, 351 Ill. App. 3d at 1138; *Shimanovsky*, 181 Ill. 2d at 120. " 'A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court.' " *In re Marriage of Kasprzyk*, 2019 IL App 4th) 170838, ¶ 47 (quoting *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005)).

¶ 32 B. Whether Defendant's Conduct Was Sanctionable

¶ 33 Rule 219(c) makes it clear that sanctions are available only where a party "unreasonably fails to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules." Ill. S. Ct. R. 219(c) (eff. July 1, 2002). To assess the propriety of the circuit court's sanction award, we must understand what conduct is being sanctioned.

¶ 34 Here, plaintiff propounded written discovery in July 2020 and retendered it in September 2021; defendant failed to respond until after plaintiff moved to compel responses in December 2021. To the extent that part of the circuit court's rationale in awarding sanctions was defendant's failure to timely respond to the propounded discovery, its decision to impose sanctions fell well within its discretion under Rule 219(c). We take no issue with the circuit court's conclusion that defendant was less than diligent in attending to discovery and other aspects of the case. Beyond lateness, however, it is difficult to discern what *violation* by defendant earned not only sanctions, but the ultimate sanction—striking defendant's pleadings and finding it in default.

¶ 35    Pursuant to the court's February 17, 2022, order, defendant was required to submit responses—without putting forward any objections—within 28 days. By the time of this order, however, defendant already *had* submitted responses. It is unclear why the circuit court would have precluded defendant from posing any objections to the interrogatories or production request; objections are specifically provided for under the applicable discovery rules. See, *e.g.*, Ill. S. Ct. R. 213(d) (eff. Jan. 1, 2018); Ill. S. Ct. R. 214(d) (eff. July 1, 2018). However, defendant apparently agreed to the entry of the February 17, 2022, order containing this provision, so we do not examine this particular issue any further.

¶ 36    When we get to the question of the sufficiency of defendant's responses, however, the record is clear that there was no discussion of any specific deficiencies in the responses (beyond assertions of incompleteness, which is discussed below). As noted above, plaintiff's initial motion to compel did not address the sufficiency of the responses at all, as it was filed prior to the responses being received. The motion for sanctions identified which particular responses plaintiff felt were deficient, but it completely failed to identify *how* they were deficient. At the hearing on the motion for sanctions, the circuit court characterized the record as being "filled with Motions to Compel, Motions for Discovery, Motions for Clarification." However, our review of the record shows only one motion to compel, no motions for discovery, and no motions for clarification.

¶ 37    There were two issues that the circuit court seemed to focus on as a basis for imposing sanctions: defendant's claims of lack of knowledge as to certain discovery requests, and the failure to file a written response to the motion for sanctions. We believe that neither stands as a proper basis for imposing sanctions.

¶ 38    As to the first issue of nonproduction of information or documents in its responses, defendant's counsel stated as follows to the circuit court:

"We don't have a whole lot of stuff to provide so, most of our [answers] are we don't have things. I don't know how that's incomplete so, sanctioning Defendant for not complying with discovery is kind of confusing because we have answered the discovery with what we do have so, they've received what we've got."

¶ 39    Defendant added further, "I think [plaintiff's] main concern was that for whatever reason I haven't had a response from my client on the question about whether he submitted a claim to insurance. It's the only question I haven't answered." Further, defendant stated, "[I]t's not a matter of non-compliance so much as it is I don't have stuff with which to comply. So, if I don't have anything to provide, I can't provide it."

¶ 40    Illinois courts have repeatedly held that "a party cannot be compelled to produce that which is not within his custody, possession or control." *Wiebusch v. Taylor*, 97 Ill. App. 3d 210, 214 (1981). In *Mendelson v. Feingold*, 69 Ill. App. 3d 227, 232 (1979), the court reversed the circuit court's dismissal of the cause as a sanction under Rule 219(c), stating that there was no basis upon which a party could be ordered to produce something which did not exist or was not in his possession or control and, therefore, the party's refusal to comply with such order was not subject to sanctions under Rule 219(c). See *City Savings Ass'n v. Mensik*, 124 Ill. App. 2d 34, 42 (1970) ("It is a rule of universal application that a party who does not have possession and control of documents cannot be ordered to produce them for discovery.").

¶ 41    When a party responds to discovery with the statement that it does not possess the requested information, the circuit court can assume neither the truth nor the falsity of the statement. The court would be justified in ensuring that the discovery responses were accompanied by an appropriate affidavit of completeness, or further, in allowing for plaintiff to probe this assertion more deeply by deposing the affiant. It is an abuse of discretion, however, for the circuit court to

conclude, with no basis in the record, that the party claiming to lack information actually possesses it. See *Cirrincione v. Westminster Gardens, Ltd. Partnership*, 352 Ill. App. 3d 755, 768 (2004) (stating that, although an appellate court must give considerable deference to the circuit court's decision to impose sanctions, "[t]he predicate to such deference is that the sanction decision is factually and legally informed and reasoned").

¶ 42 Similarly, defendant's failure to file a response to the motion for sanctions should not be a factor in imposing them. We find no rule, local or otherwise, which requires a response to be filed prior to the motion's presentation. Perhaps it is an informal local practice to file a response to a motion before it is presented, as plaintiff did in response to a motion from defendant earlier in the case. Local practice, however, is not the same as a local rule; if there is no published rule to advise counsel that a response is required prior to a motion's presentation, it is unreasonable to expect that all attorneys will adhere to an unwritten local practice. Furthermore, at the motion hearing, defendant *requested* time to respond to the motion in writing. Given the severity of the sanctions being sought, defendant should have been given an opportunity to file a written response.

¶ 43 While we have concluded that it was not an abuse of discretion for the circuit court to sanction defendant for its delay in responding to the propounded discovery, we find that the court abused its discretion in sanctioning defendant for the sufficiency of its discovery responses when the court never adjudicated that deficiency. The court never found a specific discovery violation beyond lateness, and it imposed the ultimate sanction of a default. This conclusion is easily drawn when the sanction imposed—striking defendant's pleadings and finding it in default—was not an incremental sanction reasonably calculated to compel compliance. Consequently, we remand this case for further proceedings to determine the appropriate sanction to be imposed for defendant's tardy responses to discovery.

¶ 44                                    C. Sanctions on Remand

¶ 45            Given our ruling above, we reverse the circuit court's order entering sanctions and remand the case for a determination of which of the sanctions available under Rules 219(c)(i)-(v) might be appropriate under the particular facts of the case. See, *e.g.*, Illinois Supreme Court Rule 219(c)(i)-(v) (eff. July 1, 2002). In so doing, we remind the circuit court that a just order of sanctions is one which, to the degree possible, insures both discovery compliance and a trial on the merits. *Shimanovsky*, 181 Ill. 2d at 123 (citing *Wakefield v. Sears, Roebuck & Co.*, 228 Ill. App. 3d 220, 226 (1992)). A court's goal in imposing sanctions should be "to coerce compliance with discovery rules and orders, not to punish the dilatory party." *Id.* (citing *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 68 (1995)). Being a drastic sanction, dismissal or imposition of a default judgment against a defendant "should only be employed as a last resort and after all the court's other enforcement powers have failed to advance the litigation." *Id.*

¶ 46            On remand, the circuit court should consider the various factors set forth in *Shimanovsky* in determining what sanction(s) should apply: "(1) the surprise to the adverse party; (2) the prejudicial effect of the proffered testimony or evidence; (3) the nature of the testimony or evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence." *Id.* at 124. No single factor is determinative. *Id*. Further, we note that the court may also consider the entry of an order requiring defendant to pay plaintiff "the amount of reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee," in the circuit court. Ill. S. Ct. R. 219(c)(vii) (eff. July 1, 2002). Any such fee, however, must bear an appropriate relationship to the specific conduct being sanctioned. In any case, we observe that, "[t]o the maximum extent that is practicable, sanctions should be customized to address the nature

and extent of the harm while prescribing a cure to the specific offense." *Locasto v. City of Chicago*, 2014 IL App (1st) 113576, ¶ 27.

¶ 47                                                    D. Remaining Issues

¶ 48            Defendant has raised several additional issues relating to the motion to vacate, damages trial, and motion to reconsider. Because of our ruling on the sanctions issue, we hereby vacate the judgment of damages entered by the circuit court. Moreover, for the same reasons, we decline to consider all remaining issues, as they are now moot. *In re J.T.*, 221 Ill. 2d 338, 350 (2006).

¶ 49                                                    III. CONCLUSION

¶ 50            For the reasons stated, we reverse the circuit court's judgment as to sanctions, vacate the entry of judgment and damages against defendant, and remand for further proceedings consistent with this opinion.

¶ 51            Reversed and remanded.

¶ 52            JUSTICE TURNER, specially concurring:

¶ 53            While I agree with the majority's ultimate resolution of this appeal, I do not agree fully with its analysis. I would find the circuit court erred by denying defendant's section 2-1301 motion to vacate its July 1, 2022, order, which imposed the default judgment as a sanction for defendant's discovery violations.

¶ 54            Our supreme court has stated the following regarding the vacating of default judgments:

"Generally, a liberal policy exists with respect to vacating defaults under section 2-1301(e). *In re Haley D.*, 2011 IL 110886, ¶ 69; 4 Richard A. Michael, Illinois Practice § 42:5, at 515 (2d ed. 2011) (the motion is 'marked by a liberal

policy toward the vacation of default judgments, and imposes few requirements to sustain a determination in the defendant's favor'). A default has been described as an action taken to punish for disobeying the court's command and 'should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand.' *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 109 (1960). As this court has observed, when a court is presented with a request to set aside a default, the overriding question is 'whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits.' *Haley D.*, 2011 IL 110886, ¶ 69. Although relevant, the party need not necessarily show a meritorious defense and a reasonable excuse for failing to timely assert such defense. *Id*. ¶ 57. 'What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.' *Widicus*, 26 Ill. App. 2d at 109." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 16.

¶ 55    (I recognize plaintiff contends in his brief section 2-1301 does not apply to defendant's motion to vacate. However, he did not object to defendant proceeding under section 2-1301 in the circuit court and overlooked the decision of *Hall v. Jacobs, Camodeca & Timpone*, 134 Ill. App. 3d 516, 520 (1985), which did apply section 2-1301(e) when the default as to liability was imposed as a sanction under Rule 219(c). Regardless, the aforementioned policy considerations recognized by the supreme court would also exist with a default judgment imposed under Rule 219(c).)

¶ 56    At the hearing on the section 2-1301 motion to vacate, defendant's counsel argued the sanction was excessive given it was a matter of not having the information to provide to

plaintiff and not a matter of noncompliance with the discovery request. Defense counsel further noted the lack of specificity in both plaintiff's complaint and the motion for sanctions. For example, his client did not know what plaintiff purchased and thus could not provide the name of the vendor for the item that resulted in plaintiff's injuries. As the majority notes in paragraph 41, a party cannot be compelled to produce information it does not have within its custody, possession, or control. Thus, defendant did provide a potentially valid reason for its alleged noncompliance, which the circuit court appeared to ignore.

¶ 57       Moreover, this court has recognized two of the factors relevant in answering the substantial justice inquiry are (1) the severity of the penalty as a result of the default judgment and (2) the hardship which the plaintiff would suffer in proceeding to a trial on the merits. *Heller Financial, Inc. v. Christopher LaSalle & Co.*, 168 Ill. App. 3d 852, 854 (1988). Here, the default judgment on liability led to a million-dollar judgment against defendant, which clearly is a severe penalty. The record does not evidence hardship on plaintiff.

¶ 58       On the facts of this case, the just and proper result was to grant defendant's section 2-1301 motion to vacate the default judgment. Substantial justice was not done between the parties as the default judgment was too severe of a sanction in this case. However, that conclusion does not condone defendant's/defense counsel's behavior in this case.