BIG THREE FOOD & LIQUOR, INC., Plaintiff-Appellant, *v.* STATE FARM FIRE & CASUALTY CO. *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 78-1484

Opinion filed December 4, 1979.

Robert D. Gordon, of Chicago (Howard T. Savage, of counsel), for appellant.

Epton, Mullin, Miller & Druth, Ltd., of Chicago (Abraham W. Brussell and Terrence R. Joy, of counsel), for appellees.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Big Three Food & Liquor, Inc. (hereinafter Big Three) appeals from two orders of the circuit court of Cook County: the first, dated February 17, 1978, dismissed Big Three's complaint with prejudice pursuant to Supreme Court Rule 219(c) for noncompliance with discovery (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) and the second, dated April 18, 1978, denied Big Three's motion to vacate the February 17 dismissal (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)). The sole issue on appeal is whether the trial court abused its discretion when it entered these orders. For the reasons stated below, we affirm.

On June 18, 1975, State Farm Fire and Casualty Company (hereinafter State Farm) issued a three-year term, $40,000 fire insurance policy through Arthur R. Brown (hereinafter Brown), its agent, to Big Three, covering loss or damage to its liquor store at 1454 W. 95th Street in Chicago. On July 23, 1975, a fire occurred at the insured premises, partially destroying the building and its contents. On July 20, 1976, Big Three filed a complaint against State Farm and Brown seeking to recover $33,724 as damages under the policy. This complaint was served with summons on State Farm on November 12, 1976. The record does not indicate whether Brown was ever served with process, or whether he ever appeared. On December 6, 1976, counsel for State Farm filed an appearance and interrogatories, and on December 7, 1976, filed a motion to strike Big Three's complaint, asserting that the complaint served on State Farm was not the same as the complaint that was filed with the clerk of the court. After notice to Big Three's attorney, W. Mauldin Smith, counsel for State Farm appeared for hearing on the motion before the trial court on December 22, 1976. Smith did not appear. State Farm's

motion was granted as was leave for Big Three to file an amended complaint within 28 days. Smith was notified of this order.

Big Three failed to file an amended complaint within the 28-day period as ordered, or the answers to the interrogatories. State Farm's counsel sought Smith's cooperation several times, requesting that they be filed. On August 9, 1977, after notice to Big Three, State Farm presented a motion to dismiss the action with prejudice for failure to file an amended complaint, which was granted. On September 2, 1977, a new attorney, Robert D. Gordon, purporting to represent Big Three, filed a motion to vacate the dismissal order. Two continuances later, Gordon sought and was granted leave to file his appearance on October 21, 1977. After still another continuance requested by Big Three through Gordon, the hearing was held on November 28, 1977. At the hearing, Gordon argued that he had just recently become involved and that Big Three should not be barred on the merits because of Smith's alleged mishandling of the case. The trial court then granted Big Three's motion to vacate, but orally warned that strict compliance with the discovery schedule would be required from that point on, and required answers to interrogatories to be filed within 10 days.

The amended complaint was filed within 28 days. The interrogatories were not answered by the 10th day, December 8, however, and on January 4, 1978, State Farm notified Big Three that it would move to dismiss the case under Supreme Court Rule 219(c) because no answers to the interrogatories had been filed and that Big Three's failure to comply was unreasonable, dilatory and prejudiced State Farm's right to present a defense to the action. After three continuances sought by Big Three and one by State Farm, the hearing on the January 4 motion was held on February 17, 1978. No written response to the motion was filed. The motion was allowed.

Big Three filed a motion to vacate this dismissal. This motion bears no stamp showing the date on which it was filed; however, record references reveal that it was filed on March 17, 1978. On March 22, State Farm filed a motion to strike Big Three's motion. On April 18, 1978, a hearing was held on State Farm's motion, at which hearing Big Three submitted a response to State Farm's motion together with answers to the interrogatories. Counsel for State Farm argued that the dismissal order should not be vacated because Big Three had deliberately ignored court rules and orders throughout the lawsuit and because of prejudice caused by the delay. Gordon argued for Big Three that it was unable to timely file the answers to interrogatories because its records were placed in storage by its former attorney Smith who was now unable to withdraw them because of an unpaid storage bill; that Dorothy Jones, Big Three's secretary, was the only officer with knowledge of the facts; and that she

had been "continually ill since December, 1977." The only documentation submitted to support the two latter contentions was Big Three's response to the motion, verified by Dorothy Jones.

During this hearing, the trial court evaluated some of the answers to the interrogatories, first, the answers to questions 20 and 21:

"20. State the weekly purchases by plaintiff for each of the weeks during the year immediately proceeding the fire complained of.

Answer: Records not in my possession.

21. State the gross amount, itemize, identify, and disposition of all items of stock or inventory for which plaintiff is making a claim.

Answer: Records not in my possession."

The trial court said, "This is the heart of the plaintiff's case," and asked where the records were. Gordon responded that some of the records had been burned and some of them were still in the possession of attorney Smith who had them in storage and was unable to pay the storage bill. Gordon then said, "I assume I could get some of those by subpoena." After reading answers to three other interrogatories the trial court indicated that it felt that ambiguities in the answers existed, that the answers were incomplete and inconsistent. The court then stated that as to the "broader question" of diligence, none had been shown. The motion to vacate was thereafter denied. Big Three appeals from the February 17 and April 18, 1978, orders.

Big Three asserts that the orders entered were an abuse of discretion primarily because it did not exhibit a contumacious disregard for the trial court's authority and a reasonable explanation for noncompliance was given; the dismissal orders were not just; the trial court misinterpreted the answers to interrogatories; and Big Three should not be penalized for the conduct of its attorney. State Farm contraposes that the orders were a proper exercise of discretion; that they were justly granted because Big Three exhibited a contumacious disregard for the trial court's authority; that the trial court's interpretation of the answers to the interrogatories did not weigh heavily in the trial court's decision; and that Big Three is bound by the acts of its attorneys.

■■ The imposition of sanctions for noncompliance with discovery rules and orders rests largely within the discretion of the trial court and will not be disturbed on review unless there is an abuse of discretion. (*Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36; *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195; *United Excavating & Wrecking, Inc. v. J. L. Wroan & Sons, Inc.* (1976), 43 Ill. App. 3d 101, 356 N.E.2d 1160.) Sanctions should be imposed to promote discovery, not to punish the noncomplying party (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6; *Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 388 N.E.2d 789; *In re Estate of*

*Fado*; *United Excavating v. Wroan & Sons, Inc.*; *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435) and should be imposed only when the noncompliance is unreasonable and the order entered is just. (*Sanchez v. Phillips*; *In re Estate of Fado*.) Courts are reluctant to impose the sanction of dismissal for noncompliance with discovery rules and orders; however, such drastic action is not an abuse of discretion where the offending party shows a deliberate, contumacious, or unwarranted disregard for the court's authority. *Sanchez v. Phillips*; *In re Estate of Fado*; *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 992, 340 N.E.2d 678.

With the foregoing rules as frames of reference, we are led to the conclusion that the trial court did not abuse its discretion in dismissing the complaint or in denying the motion to vacate the dismissal. Pretermitting the service of a complaint different from the one filed, and the inattention by Big Three's counsel to the motion to strike it, our review of the record shows that Big Three did not comply with the December 22, 1976, court order to file an amended complaint within 28 days, although its counsel was duly notified of the December 22 order. On February 12 and again on April 29, 1977, Big Three's attorney was requested to comply with the December 22 order and to answer the interrogatories previously served, to no avail. On August 9, 1977, State Farm's motion to dismiss for failure to comply with the December 22, 1976, court order was allowed. A one-sentence motion to vacate this order was filed by Gordon on September 2, 1977, devoid of any reason or statement as to why there had been a failure to comply. An additional unexplained delay of three continuances of the hearing on this motion followed, the last such continuance order setting the date for hearing on November 14, 1977. No hearing was then held, however, and State Farm thereafter moved for a hearing instanter on Big Three's motion to vacate on November 28, 1977. Representation at this hearing was made by Gordon that if the order of dismissal was vacated, he would file the amended complaint which was ready and would file answers to the interrogatories within 10 days. The dismissal was then vacated.

■■ Notwithstanding Gordon's representation, the oral admonition of counsel by the trial court on November 28, 1977, to closely follow the discovery schedule and file the answers within 10 days was nevertheless disregarded. When Big Three did comply with the November 28 court order, it was only after the entry of the dismissal sanction of February 17, 1978, and there is some question as to the adequacy of the answers filed. The record does not reveal any explanation by Big Three for its non-compliance tendered at the February 17, 1978, hearing on the dismissal. On March 17 another one sentence motion to vacate the dismissal of February 17 was filed by Big Three, giving no reason or explanation

for the failure of compliance by Big Three, although the record indicates that such an explanation was offered at the April 18 hearing on the vacatur motion. Again it was State Farm which sought the hearing on this new motion to vacate the most recent dismissal by filing a motion to strike the motion to vacate. On March 22, Big Three was given 21 days to file its response to State Farm's motion to strike, which would have been April 12, and State Farm was given three days thereafter within which to file its reply thereto. April 12 came and went without a response being filed. Big Three waited until the day of the hearing, April 18, before filing its response, again ignoring the court order and effectively denying State Farm its right to file a reply. This history reveals a deliberate, unwarranted, contumacious disregard of the rules and the court's orders since the inception of this cause of action. The absence of diligence on the part of Big Three is patent. We cannot conclude that the entry of a dismissal order pursuant to Rule 219(c) under the foregoing circumstances was an abuse of discretion. *Bailey v. Twin City*; *Sanchez v. Phillips*; *612 N. Michigan v. Factsystem, Inc.*

■ Big Three asserts that *In re Estate of Fado*; *United Excavating v. Wroan & Sons, Inc.*; and *Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 330 N.E.2d 878, support its position that the trial court in the case before us improperly invoked its sanction of dismissal. We disagree. In *Fado* and *United* the trial courts dismissed the complaints for single violations of discovery procedures and the appellate courts held that under such circumstances, where reasonable explanations had been given, dismissal was an abuse of discretion. In *Zabel,* plaintiff failed to comply with only one of four discovery requests, and that one related only to the issue of ultimate compensation and not to plaintiff's authority to exercise eminent domain. In the present case no cooperation in diligently pursuing the litigation could be secured from Big Three for more than 15 months after it had been initiated, even after the trial court had entered its orders and had communicated its oral warning to counsel. Unless the facts indicate a reasonable excuse for the noncompliance and the innocent party was not prejudiced, a trial court may properly deny a motion to vacate a dismissal entered under Rule 219(c). (*Sanchez v. Phillips*; *612 N. Michigan v. Factsystem, Inc.*; *Gray v. Yellow Cab Co.* (1971), 1 Ill. App. 3d 984, 273 N.E.2d 703.) No error is found in the trial court's refusal to vacate its order of dismissal entered in the case at bar.

■ Big Three had the burden, as the offending party, to establish by affidavit or otherwise that its failure to comply with rules or court orders was warranted by extenuating circumstances. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435; *Bender v. Pfotenhauer* (1974), 21 Ill. App. 3d 127, 315 N.E.2d 137; *Schwartz v. Moats* (1972), 3 Ill. App. 3d 596, 277 N.E.2d 529.) It offered two explanations for noncompliance with the

November 28, 1978, court order to answer interrogatories: first, that its secretary was ill; and second, that some of its records allegedly were placed in storage by its former attorney who could not gain access to them because of an unpaid storage bill. At the April 18, 1978, hearing, it developed that the illness was not one which resulted in the immobilization or hospitalization of the corporate secretary, or which would have prevented her from communicating the relevant information to counsel. Although it may have been inconvenient, it would not have been more than the ordinary diligence expected under the circumstances. Nor was any effort made to secure the records from the prior attorney by subpoena or otherwise with the court's assistance.

■■ Big Three argues that it should not be denied the right to trial on the merits of the case because of the conduct of its attorney; however, the general rule is that the client is bound by the acts and omissions of his attorney. *Sanchez v. Phillips; Bender v. Pfotenhauer; Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 253 N.E.2d 114.

It is also maintained by Big Three that the trial court misinterpreted its answers to the interrogatories which were submitted at the April 18, 1978, hearing, and that the denial of the motion to vacate the dismissal was based on this misinterpretation. This argument is not convincing because the trial court noted that its ruling was based upon the "broader question" of Big Three's unexcused noncompliance and lack of diligence.

Affirmed.

DOWNING and PERLIN, JJ., concur.