2025 IL App (1st) 220347-U

No. 1-22-0347

THIRD DIVISION
February 13, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| JIMMIE TAYLOR, | ) | |
| | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | No. 18 L 3022 |
| | ) | |
| PACE SUBURBAN BUS DIVISION OF | ) | Honorable |
| THE REGIONAL TRANSPORTATION | ) | Maura Slattery-Boyle, |
| AUTHORITY, a municipal corporation, and | ) | Judge Presiding. |
| STEVEN LOCKERIDGE, BADGE NO. 1333, | ) | |
| individually, and as an agent of PACE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1   *Held:* The circuit court did not abuse its discretion by dismissing plaintiff's case with prejudice. Affirmed.

¶ 2   Plaintiff Jimmie Taylor, appearing *pro se*, appeals the circuit court's dismissal of his tort claim against defendants, Steven Lockeridge and Pace, the Suburban Bus Division of the Regional Transportation Authority. Plaintiff argues, among other things, that the court abused its discretion

by dismissing the case with prejudice following plaintiff's failure to appear in court for a court-ordered deposition. We affirm.

¶ 3                                    BACKGROUND

¶ 4      On March 23, 2018, plaintiff filed a complaint against Pace and Lockeridge alleging that he was injured when the door of a Pace bus driven by Lockeridge closed on his foot as he was stepping off the bus, causing him to fall. After several motions to strike and successive repleading, plaintiff filed his fourth amended complaint on July 3, 2019. Plaintiff's case was dismissed for want of prosecution on October 10, 2019, though the order does not specify the precise reason for the dismissal. On October 21, 2019, the circuit court granted a motion from plaintiff to vacate the dismissal.

¶ 5      A contentious discovery process took place over a period of multiple years. A significant portion of plaintiff's brief is devoted to discovery issues, especially the destruction of the bus on which the incident allegedly took place. Those issues are irrelevant to our disposition and will not be detailed here. Suffice to say that both plaintiff and defendants filed motions to compel between December 3, 2018 and April 19, 2021.

¶ 6      On October 14, 2021, the case was again dismissed for want of prosecution after plaintiff failed to appear for a scheduled hearing. On October 25, 2021, this second dismissal order was vacated and trial was set for August 10, 2022. In an October 29, 2021 order, the circuit court directed the parties to "set parameters and a firm date for [plaintiff's] deposition" during the upcoming November 4, 2021 status conference. The record contains an order, signed and stamped by the court, labeled "Agreed Order" that set a November 23, 2021 date for a videotaped deposition to be conducted in the courtroom under the judge's supervision. Plaintiff disputes that this order was an agreed order and that he ever agreed to be recorded with either video or audio equipment.

2

¶ 7 On November 19, 2021, plaintiff sent letters to Chief Judge Timothy Evans and Judge James Flannery. In his 31-page letter to Chief Judge Evans, which was accompanied by 70 pages of attachments, plaintiff detailed his allegations that Judge Slattery-Boyle was biased and noted that he did not wish to appear in court on November 23, 2021. Plaintiff's letter to Judge Flannery was a single page detailing the same allegations in an abbreviated form. On November 23, 2021, plaintiff received a response from Chief Judge Evans' office citing his lack of authority to intervene in the case and directing plaintiff to the Judicial Inquiry Board if he believed a judge was engaging in misconduct.

¶ 8 The circuit court sent two reminder emails the day before the deposition to remind the parties to appear, one of which included the admonition: "This is an Order from the Court – failure to comply could result in a rule to show cause and contempt." Plaintiff did not appear for the deposition. On November 23, 2021, after waiting over an hour for plaintiff to appear, the court entered an order detailing the efforts to inform plaintiff of the date and time of the deposition, including "multiple written notices to the parties" and a notice of deposition sent by the defendants. In the same order, the court issued a rule to show cause for plaintiff's failure to appear and directed plaintiff to "appear in person before the Court on December 14, 2021 *** to establish good cause as to why he should not be held in contempt for failing to appear." The order also stated: "Provided that good cause is shown and the case shall continue, the video-taped discovery deposition of plaintiff shall follow on December 14, 2021 by order of the Court."

¶ 9 On December 3, 2021, Pace filed a motion to dismiss, for Rule 219 sanctions, and for reasonable expenses incurred by plaintiff's failure to appear. Plaintiff filed a motion for substitution of judge on December 7, 2021. On December 14, 2021, plaintiff appeared before the circuit court on his motion for substitution, which was transferred to Judge Irwin Solganick in

another courtroom for hearing and then denied. Plaintiff never returned to the assigned courtroom to answer the rule to show cause or for his deposition.

¶ 10    The circuit court entered and continued the rule to show cause and sent multiple emails to the parties detailing dates on which the deposition could take place. Plaintiff moved to vacate the court's denial of his motion for substitution. On December 19, 2021, the court set the deposition date for January 5, 2022. On December 27, 2021, when the court emailed the parties to inform them of the denial of the motion to vacate, the court reminded the parties again of the January 5 date. The court sent emails on the 3rd and 4th of January 2022 to remind the parties of the date and time of the deposition. Plaintiff did not appear for his deposition. After waiting for over an hour for plaintiff to appear, the court dismissed plaintiff's case with prejudice and granted Pace's request to recover court reporter costs for the November 23, 2021 and January 5, 2022 dates on which plaintiff failed to appear. Before delivering her ruling, the court extensively detailed its efforts to schedule the deposition three different times and to keep the parties apprised of the upcoming deposition dates. The court concluded:

> "So I have continually sent notices to [plaintiff], [and] have not heard from him in response. He is aware of it because he did file a motion for substitution of judge. So even though he does represent himself, I've given him three different opportunities to take [*sic*] his deposition to move this case forward. He has been able to navigate the legal system and system for justice quite well in filing various motions before different parties and filing the suit as well as completing a motion for summary judgment against the defense. He has requested documents against the defense. He has requested

documents from various outside entities which he's received. [Plaintiff] has not indicated any desire to seek outside counsel or requested a date.

I have not heard from [plaintiff]. *** There is [*sic*] no new motions that have been filed by [plaintiff] as of this time. The court coordinator verified that [plaintiff] was here in the building on Monday, January 3. So he was able to make it to court that day even though there was no hearing date. ***

I've given [plaintiff] every opportunity to access justice, to give him[--]being he is a *pro se* litigant[--]every opportunity to represent himself and afford him the opportunity to proceed with the case. And yet here we are for the third time, and he has not appeared for this deposition."

Defense counsel stated that it believed the circuit court was "well within its rights" to sanction plaintiff under Rule 219 "for his deliberate and repeated disregard of the Court's orders, and to dismiss the case with prejudice." After noting that four years have transpired and "very little, if anything, has been completed on this case," the court "grant[ed]" the defense's request and dismissed the cause with prejudice.

¶ 11    On February 4, 2022, plaintiff filed a motion to vacate the dismissal. In it, plaintiff stated that he came down with "some type of mouth infection, or something" on December 23, 2021. The illness caused plaintiff pain and discomfort. Plaintiff stated that he called his primary care provider several times on December 30, 2021, but could not get in to see the doctor promptly. Plaintiff sought care with another doctor on January 4, 2022. Plaintiff stated he was prescribed

penicillin and ibuprofen. He "was not able to go outside from that day forward, until [his] mouth situation had gotten better to some degree." On January 25, 2022, plaintiff saw his primary care provider and was prescribed more medication.

¶ 12    Plaintiff further asserted in his motion that he had emailed the circuit court on September 17, 2021, to inform the court that he had been having issues with his cell phone not allowing him to check his email. As a result of these cell phone difficulties, plaintiff had to go to the public library to access his email, which he could not do in late December into January due to a combination of his physical disability and his illness. Even had he attended court on January 5, plaintiff stated, he would not have been able to speak clearly enough to be deposed, due to his illness.

¶ 13    In the motion to vacate, plaintiff also stated that he never agreed to be "videotaped or audiotaped" during the November 4, 2021 hearing, at which the November 23, 2021 deposition was scheduled. Plaintiff stated that he did not appear for the November deposition date because he was very concerned about Covid-19 and his health. He also did not wish to appear because he did not want to be videotaped or audiotaped. Plaintiff stated that he did appear in court on December 14 and was directed to another courtroom by Judge Maura Slattery-Boyle, who presided over this case below, so that Judge Solganick could hear his motion for substitution. After Judge Solganick denied his motion for substitution, he was given a court date of January 3, 2022 to have his motion to vacate the denial of his motion for substitution heard. Plaintiff planned to ask Judge Solganick for a continuance on January 3, due to his illness, but "they said that he denied this motion in December of 2021," so he did not get a chance to go before Judge Solganick.

¶ 14    Lastly, plaintiff stated that he has a right not to be videotaped and audiotaped for a deposition. Because he did not consent to video and audio taping, plaintiff argued, defendants should bear their own costs.

¶ 15    On February 15, 2022, the circuit court denied plaintiff's motion to vacate, holding that the order would stand for the reasons stated on the record on January 5, 2022. This appeal follows.

¶ 16                              ANALYSIS

¶ 17    As an initial matter, we note that there has been a blizzard of motions associated with this matter, two of which we ordered "taken with the case." One motion, which Pace filed on July 24, 2024, seeks to strike plaintiff's brief for various violations of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). These violations include, *inter alia*, various "personal attacks on the trial judge and opposing counsel" and the fact that plaintiff's brief is 52 pages long, in excess of the 50-page limitation. With respect to this latter claim, plaintiff had filed a motion seeking leave to file a brief in excess of the page limitation (on July 30, 2024), but this court (on August 7, 2024) ruled that plaintiff's motion was "not considered" because his brief had already been filed.

¶ 18    The second motion, filed by plaintiff, sought to vacate that part of our order dated August 7, 2024. Specifically, plaintiff's motion asked that we vacate that portion of our order stating that his motion to file a brief in excess of the page limitation was not considered. Among other things, he reiterated that he did not "purposely, or intentionally" exceed the 50-page limit. We also ordered this motion taken with the case, and we now resolve them as follows.

¶ 19    Illinois Supreme Court Rule 341 requires that a brief contain a statement of the issues presented, a statement of facts, and an argument section "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341 (eff. Oct. 1, 2020). "[A] reviewing court is entitled to have the issues

clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research." *In re Marriage of Baumgartner*, 237 Ill. 2d 468, 474-75 (2010). "The plaintiff's *pro se* status does not allow him to claim ignorance of our supreme court rules or excuse his noncompliance." *Anmar v. Schiller, DuCanto, and Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16. "Where a party has chosen to represent himself, he is held to the same standard as a licensed attorney and must comply with the same rules." *Id.*

¶ 20     Plaintiff's *pro se* appellate brief is a challenging read that makes little to no distinction between its recitation of facts and its arguments. To the degree that plaintiff cites to authority, the vast majority of citations are to the Illinois Rules of Professional Conduct and the Illinois Code of Judicial Conduct in the context of alleging misconduct on the part of both opposing counsel and Judge Slattery-Boyle. Plaintiff fails to cite even Illinois Supreme Court Rule 219, pursuant to which the case was dismissed, or any other legal support for his contention that the dismissal was inappropriate. Plaintiff only presents his factual account of the events that led up to the dismissal. Plaintiff also presents numerous conclusory assertions of violations of various ethical and evidentiary rules with significant reference to the facts of the case, but again, no legal citation beyond the rules themselves.

¶ 21     Supreme court rules are not mere suggestions; they are rules that must be followed. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57.  Moreover, it is a deep-rooted principle that a litigant appearing in this court *pro se* must follow the same rules as a litigant represented by counsel. *In re Marriage of Winters*, 160 Ill. App. 3d 277, 281 (1987) (citing *Biggs v. Spader*, 411 Ill. 42 (1951)).  We have the inherent authority to dismiss an appeal if an appellant's brief fails to comply with supreme court rules. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005).

¶ 22    Nonetheless, we recognize that striking a brief for failure to comply with supreme court rules is a harsh sanction. *In re Detention of Powell*, 217 Ill.2d 123, 132 (2005). Further, plaintiff has made some attempt to comply with the rules, expressed regret that his brief was two pages over the limit, and the record and briefs provide enough information as to the nature of this case and the issues raised on appeal. Therefore, based upon our review, we grant Pace's motion in part: We will strike those portions of plaintiff's brief that consist of personal attacks on the trial judge and opposing counsel (and will not consider them), but we otherwise deny the remaining portions of Pace's motion to strike plaintiff's brief, including that part of Pace's motion concerning the length of plaintiff's opening brief. See *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10 (reviewing the merits despite substantial Rule 341 violations).

¶ 23    With respect to plaintiff's motion to vacate, we have denied that portion of Pace's motion to dismiss concerning the length of plaintiff's opening brief, so there is no need to vacate that portion of our prior order dated August 7, 2024. We therefore deny plaintiff's motion as moot. We now turn to the merits of this appeal.

¶ 24                                   ANALYSIS

¶ 25    Plaintiff contends that the circuit court erroneously dismissed his case with prejudice. We note that, although the court did not state the precise rule or statute pursuant to which it dismissed plaintiff's cause of action, it did so immediately after defense counsel argued that the court had the authority to do so pursuant to "Rule 219." The unmistakable inference is thus that the court dismissed the cause of action pursuant to Illinois Supreme Court Rule 219. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). Regardless, even Rule 219 provides in pertinent part as follows:

> "If a party *** unreasonably fails to comply with any provision of
>
> part E of article II of the rules of this court (Discovery, Requests for

Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

\* \* \*

(v) That, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that the offending party's action be dismissed with or without prejudice." Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

¶ 26 The circuit court's order that plaintiff appear in court to be deposed is a discovery order that falls under Rule 219. See *Dolan v. O'Callaghan*, 2012 IL App (1st) 111505, ¶ 64. In addition, dismissal of a cause of action with prejudice is an appropriate sanction under Rule 219. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995). "This court has noted that a trial court's dismissal of a complaint with prejudice may be upheld on the basis of the court's inherent authority to control its docket." *Id*. In the same decision, our supreme court noted that "recognition of the court's inherent authority is necessary to prevent undue delays in the disposition of cases caused by abuses of procedural rules, and also to empower the courts to control their dockets." *Id*. Our supreme court stated that "[i]n determining an appropriate sanction, the trial judge must weigh the competing interests of the parties' rights to maintain a lawsuit against the necessity to accomplish the objectives of discovery and promote the unimpeded flow of litigation." *Id.* at 68.

¶ 27 "A sanction imposed under Rule 219 or a court's inherent power is reviewed under an abuse of discretion standard and will be reversed when the record establishes a clear abuse of discretion." (Internal quotation marks omitted.) *Cronin v. Kottke Associates, LLC*, 2012 IL App

(1st) 111632, ¶ 42 (citing *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 123 (1998)). In *Cronin*, we noted that "[a]n order of dismissal with prejudice is a 'drastic sanction' to be entered only 'where the party's actions show a deliberate, contumacious or unwarranted disregard of the court's authority.' " *Id.* ¶ 45. Additionally, dismissal with prejudice is to be used "as a last resort and after all the court's other enforcement powers have failed to advance the litigation." *Shimanovsky*, 181 Ill. 2d at 123.

¶ 28    *Cronin* provides a selection of cases against which we may compare the facts before us. *Cronin*, 2012 IL App (1st) 111632, ¶¶ 51-53. In *Cronin* itself, plaintiffs' counsel failed to comply with the court's standing order's "requirements as to the exchange of exhibits and preparation of a trial memorandum." *Id.* ¶ 48. On the day of the deadline to exchange exhibits, plaintiffs' counsel sent an email regarding proposed trial exhibits that did not actually contain the exhibits but did represent some forward progress, as it "stated that plaintiffs' trial exhibits were largely duplicative of defendants' trial exhibits," "made suggestions as to the parties' presentation of the exhibits at trial, indicated he had no anticipated objection as to the authentication of defendants' exhibits, volunteered to organize the trial exhibits, and suggested further discussions as to the exhibits." *Id.*

¶ 29    Plaintiffs' counsel in *Cronin* also arrived at a scheduled trial conference without the trial memorandum that was due and instead presented a motion to compel further discovery. *Id.* ¶ 49. Although the motion to compel was filed years after the designated deadline for motions to compel, plaintiffs' counsel later explained at the hearing on its motion to vacate the eventual dismissal of its claim that the motion was brought not for the purpose of delay, but as the result of supplemental production from the defendants indicating the existence of more relevant documents. *Id.* ¶ 57. After being admonished "and in the face of a motion for sanctions," plaintiffs' counsel produced a trial memorandum four days later, six days before the trial date. *Id.* ¶ 49. Defendants filed a

motion for sanctions requesting dismissal. *Id*. ¶ 71. The circuit court granted the motion, stating that strict compliance with its standing order was necessary, given the cost and effort necessary for parties to prepare for trial. *Id*. ¶ 28. The court also noted its overburdened calendar and stated that "at this point I don't have another week to conduct a trial." *Id*. ¶ 29. Our court held that plaintiffs' counsel had not demonstrated a "pattern of misconduct on the part of plaintiffs which could subject them to dismissal with prejudice" and reversed the court's dismissal. *Id*. ¶ 58.

¶ 30    In *Sander*, which involved several plaintiffs and numerous defendants, our supreme court upheld the trial court's dismissal of the claims of some plaintiffs after their attorney failed to appear for scheduled court appearances on four occasions and failed to file an amended complaint by the deadline. *Sander*, 166 Ill. 2d 48, 55. After further failures to meet deadlines and file documents in compliance with the court's orders, the circuit court dismissed the remaining plaintiffs' cause of action with prejudice. *Id*. at 60. Our supreme court affirmed the dismissal, stating that "the trial judge's frustration with plaintiffs' attorney was justified" after plaintiffs "violated four separate court orders," "failed to reply to [a defendant's] motion," and "continued to replead matters in the amended complaints that had previously been stricken by court order" within the last five months of the litigation. *Id*. at 69.

¶ 31    The other cases cited by *Cronin* present similar patterns of failure to comply with the court's orders. In *Big Three Food & Liquor*, plaintiffs' case was dismissed for failure to file an amended complaint as directed. *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.*, 79 Ill. App. 3d 63, 65 (1979). After the dismissal order was vacated and plaintiffs' attorney was warned that "strict compliance with the discovery schedule would be required from that point on," plaintiffs nonetheless failed to timely answer interrogatories in a timely manner. *Id*. The circuit court granted a motion to dismiss brought under Rule 219 and plaintiffs moved to vacate the

dismissal. *Id*. Plaintiffs' attorney argued that he could not answer interrogatories in a timely manner because necessary records had been placed in storage and because he had been continuously ill since around when the interrogatories were due. *Id*. at 65-66. The court denied plaintiffs' motion to vacate, indicating that the answers to the interrogatories were "incomplete and inconsistent" and plaintiffs' attorney had not shown diligence in prosecuting the case. *Id*. at 66. On appeal, the Third District affirmed the dismissal. *Id.* at 69. *Gayton* and *Higgens* are similar, with plaintiffs repeatedly failing to comply. *Gayton v. Levi*, 146 Ill. App. 3d 142, 146 (1986) (affirming the dismissal of the case where the previously-sanctioned plaintiffs failed to timely respond to discovery and failed to attend a hearing without reasonable explanation for their lack of compliance.); *Higgens v. House*, 288 Ill. App. 3d 543, 545, 549 (1997) (affirming the dismissal of the case where the plaintiffs repeatedly failed to comply with a discovery request to name an opinion witness and did not attend the hearing on defendants' motion for summary judgment).

¶ 32    The facts before us are more similar to those in *Sander*, *Big Three*, *Gayton*, and *Higgens* and unlike those in *Cronin*. Plaintiff's case was twice dismissed for want of prosecution, in one instance for failure to appear for a hearing. Within about a month of the circuit court vacating the second dismissal, plaintiff again failed to appear, this time for his court-supervised deposition. When ordered to appear in court on a rule to show cause, plaintiff appeared for a pending motion for substitution but failed to return to the courtroom for his deposition. The court again rescheduled for a couple of weeks later and sent reminder emails leading up to the deposition date, but plaintiff once again failed to appear. The court dismissed plaintiff's case, citing his repeated failures to appear and the lack of progress in the case, despite it having been in discovery for years.

¶ 33    In his motion to vacate the dismissal, plaintiff asserted that he failed to appear for the first deposition because of concerns over Covid-19 and because he did not wish to be recorded; he

failed to appear for the second deposition for reasons that are somewhat unclear, but appear to boil down to allegations that he was not instructed to return to the courtroom where the deposition was to take place; and he failed to appear for the third deposition claiming that he was unaware of it due to a combination of difficulty accessing email on his smartphone and illness.

¶ 34    The circuit court demonstrated laudable patience with plaintiff and consistently made efforts to allow plaintiff to proceed with his case despite difficulties. Technical difficulties, illness, and mistakes are issues faced by *pro se* litigants and seasoned litigators alike. However, a common thread that runs through the cases described above and the facts before us is a lack of diligence and communication. It is a litigant's responsibility to be aware of the status of their case and pending dates and deadlines. Should there be barriers preventing the litigant from doing so, such as the email difficulties and illness described by plaintiff, it is up to the litigant to communicate with the court and figure out how to proceed. Similarly, if a hearing needs to be rescheduled due to illness or for any other reason that prevents the litigant from attending, it is the litigant's responsibility to contact the court and inform the court of what events have transpired and to work with the court to find another time that is suitable.

¶ 35    It is understandable that a litigant might miss a deadline or a hearing and later provide an excuse when the circumstances are sufficiently dire to prevent earlier communication, but that is not the case here. Even if we take the reasons offered by plaintiff for his failures to appear as wholly true, at no time was plaintiff incapable of communication to the extent that getting word to the court of his circumstances was not possible with a modicum of diligence. Holding plaintiff to the same standard as an attorney, as we must, plaintiff's actions certainly show an unwarranted disregard for the circuit court's orders. It would also not be an abuse of discretion were the trial court to interpret plaintiff's behavior as contumacious, considering, for instance, that he stated in

his letter to Chief Judge Evans that he did not wish to appear at the November 23, 2021 deposition, but later, in his motion to vacate the dismissal, attributed that absence to illness. As noted above, a trial court's decision concerning a Rule 219 sanction is reviewed for an abuse of discretion, which is where the court's ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918, ¶ 35. In addition, each case presents "a unique factual situation which must be taken into consideration when determining whether a particular sanction is proper." *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 621 (2007). The factual context of this case does not reveal an arbitrary, fanciful, or unreasonable ruling. Accordingly, we find that the record does not demonstrate the court abused its discretion by choosing to dismiss plaintiff's case with prejudice.

¶ 36    Finally, apart from Rule 219, the circuit court also had the power to sanction plaintiff pursuant to its inherent authority to control its docket. This includes imposing sanctions for failure to comply with a court order. *Sander*, 166 Ill. 2d at 65.  A court has this inherent authority so that it can "prevent undue delays in the disposition of cases caused by abuses of procedural rules, and also to empower courts to control their dockets." *Id.* at 66. Here, plaintiff caused undue delays in the discovery process by failing to comply with numerous court orders compelling him to submit to a deposition and failing to communicate with the court that he was allegedly having medical or technology issues. On these facts, the court had the authority pursuant to both Rule 219 and its inherent authority to control its docket in sanctioning plaintiff by dismissing this case with prejudice. Plaintiff's claim of error is therefore without merit.

¶ 37                              CONCLUSION

¶ 38     For the foregoing reasons, we affirm the circuit court's order. Defendant's motion to strike plaintiff's brief (filed on July 24, 2024) is granted in part and denied in part. Plaintiff's motion to vacate (filed on August 13, 2024) is denied.

¶ 39     Affirmed; defendant's motion granted in part and denied in part; plaintiff's motion denied.