2026 IL App (1st) 142866-U

Fourth Division
Filed March 5, 2026

Nos. 1-14-2866, 1-14-3926, 1-15-0949 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| LUCIANE R. CIMINO, | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
|   v. | ) Appeal from the |
| | ) Circuit Court of Cook County |
| IKE R. EHIREME, a/k/a IKE R. EHIRHIEME; YELLOW | ) |
| CAB AFFILIATION, INC., a/k/a YELLOW CAB | ) No. 2009 L 008252 |
| COMPANY; IKE R. EHIREME, a/k/a IKE R. | ) |
| EHIRHIEME, as Agent of Yellow Cab Affiliation, a/k/a | ) The Honorable |
| Yellow Cab Company; YC8, LLC; and IKE R. EHIREME, | ) Sheryl A. Pethers and John J. Curry Jr., |
| a/k/a IKE R. EHIRHIEME, as Agent of YC8, LLC, | ) Judges, presiding. |
| | ) |
|     Defendants-Appellees. | ) |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Navarro and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not abuse its discretion when it dismissed the case with prejudice due to plaintiff's failure to comply with trial court orders.

¶ 2     These consolidated appeals all arise out of litigation related to the personal injury and negligence claims of *pro se* plaintiff Luciane Cimino. Cimino alleged she was injured following an encounter with a taxicab driven by defendant Ike Ehireme and owned by defendants Yellow Cab Affiliation, Inc., and YC8, LLC. Cimino's case was ultimately dismissed with prejudice as a sanction for repeatedly violating court orders. On appeal, Cimino argues that the court abused its

discretion by dismissing her complaint with prejudice as a sanction and raises claims of other errors in the pre-dismissal proceedings. We affirm.

¶ 3                                I.  BACKGROUND

¶ 4                                A.  The Incident

¶ 5      This matter arises from an incident that occurred on July 16, 2007, at the intersection of Randolph Street and Columbus Drive in Chicago, Illinois. Cimino alleges that while crossing the street as a pedestrian, a taxicab operated by Ehireme executed an abrupt left turn and struck her. She further alleged that the fall caused both immediate injuries and broader physical and personal problems, including weight gain, gastrointestinal and hip problems, fertility issues, and loss of substantial income.

¶ 6                              B.  Trial Court Proceedings

¶ 7      On July 14, 2009, Cimino filed a personal injury action in the law division of the circuit court of Cook County against Ehireme, Yellow Cab Affiliation, and YC8, asserting negligence, respondeat superior, and negligent entrustment theories. Cimino was initially represented by legal counsel; however, after several attorneys withdrew early in the litigation, she ultimately proceeded *pro se*. Discovery was extended over several years, with the court extending the deadline multiple times, including to accommodate Cimino's discovery requests. For the sake of brevity, the following account includes only the events that are pertinent to our decision in this appeal.

¶ 8      On April 6, 2012, Cimino filed the first of several motions for sanctions against the defendants. She sought a default judgment and nearly $15,000 in monetary sanctions for the defendants' failure to produce a copy of Ehireme's driver's license as previously ordered by the court. On June 19, she moved to strike the defendants' responses to her requests to admit and to deem the facts in those requests to be admitted. She also moved for a ruling on her still-pending April 6 motion. On July 25, the court denied both pending motions. Less than a week later, on July 31, Cimino filed a motion to, among other things, "request a second review" of her motions. The court set a briefing schedule and set the matter for a hearing that was ultimately continued to

February 2013. Three days before that hearing, on February 11, 2013, Cimino filed a motion seeking a default judgment against all three defendants on the basis that Ehireme (who was represented by the same attorney as the corporate defendants) had not complied with a court-ordered deadline to answer interrogatories.

¶ 9       On February 14, 2013, the court heard and denied Cimino's pending motions for a default judgment and motion to deem facts admitted. Additionally, the court transferred the case to the municipal department "based on [its] evaluation of the entire court record." On March 1, Cimino moved to reconsider all of the court's February 14 rulings, including the transfer decision. She noticed the motion for March 11, but on that date, for reasons not disclosed by the record, the court struck the case from the motion call. Two days later, on March 13, Cimino filed a "petition" directed to the presiding judge of the law division asking him to order the case to remain in the law division and to issue a writ of *mandamus* or a supervisory order compelling the motion judge to reconsider the February 14 ruling. The presiding judge duly transferred the matter back to the motion judge, who set the motion to reconsider and the "petition" for a hearing.

¶ 10      The court denied the motion on August 8, 2013, finding that no new evidence had been presented to revisit the transfer ruling, setting off a flurry of duplicative motions. First, Cimino filed a motion for clarification on August 13, characterizing it as an emergency motion. The court denied that motion on August 20, and it also ordered that Cimino was "precluded from filing any further motions for reconsideration or clarification without leave of court." Second, only two days later, on August 22, Cimino filed what she designated a motion to strike the order denying reconsideration that was largely duplicative of the emergency motion for clarification. No action had been taken on that motion when, on August 29, Cimino filed a third motion—which she designated a "petition for [the] case to remain in the law division and for consideration of all matters and motions without bias"—this one specifically addressed to the presiding judge of the law division. Fourth, and without waiting for a ruling on either of her two pending filings, on September 3, Cimino filed a motion apparently directed to the municipal department seeking to transfer the case back to the law division. On September 6, a judge in the law division denied her

August 29 "petition," prompting Cimino's fifth filing—a motion to reconsider—on September 9. She withdrew her September 3 motion pending a ruling on the September 9 motion to reconsider. The presiding judge denied the motion to reconsider on September 17. The next day, Cimino filed her sixth motion, a motion to transfer the case back to the law division. That motion was denied on September 30, and the matter would lay dormant for the next several months.

¶ 11    The record discloses that, in the municipal division, Cimino bombarded the court and the defendants with motions that the court found meritless, including persistent attempts to relitigate matters the court had already ruled on, either through motions to reconsider or by filing new motions raising old issues. These actions eventually led the court to start warning Cimino that she could be sanctioned for her litigation conduct. On February 14, 2014, the court denied her latest motion to enter a default judgment against the defendants for their purported noncompliance with discovery rules and orders. It found that the 17-page motion was a "rehash[ ]" of the case history and lacked any basis in law or fact, and it expressly warned Cimino that continuing to file similar motions could lead to her case being dismissed: "If Plaintiff brings another such motion, this court may dismiss plaintiff's complaint with prejudice as a sanction." On March 25, after denying a motion to reconsider its ruling on a particular discovery issue "for the umpteenth time," the court barred Cimino from filing any more discovery motions. On April 14, two different judges entered orders warning Cimino that she could be sanctioned for frivolous filings: Judge Snyder issued such a warning in his order denying an April 1 motion to transfer the case back to the law division, and Judge Pethers issued a similar warning after denying a frivolous oral motion to strike the date set for arbitration.

¶ 12    Mandatory arbitration proceeded on May 6, 2014. After a two-hour hearing, the arbitrators entered an award in favor of the defendants. It appears from the record that, in mid-May, Cimino filed an application to proceed as an indigent person, and a judge otherwise not connected with the proceedings in this case granted the application and entered an order waiving fees on May 28. One week later, on June 4, Cimino filed a notice of rejection of the arbitration award, attaching a receipt indicating that the normal $200 fee had been waived. She followed that on June 9 with a motion

to reconsider an earlier ruling that had denied her second motion to add a prayer for punitive damages to her complaint.

¶ 13    On June 26, 2014, the defendants filed two motions. The first was a motion to strike the notice of rejection that amounted, essentially, to a complaint that Cimino had not served her indigency application on the defense. The second was a motion for sanctions. In that motion, the defendants argued that Cimino's June 9 motion to reconsider was the latest in a string of frivolous and repetitive motions to reconsider, which she had continued filing despite the court's warnings that she could be sanctioned. The defendants sought dismissal with prejudice as a sanction.

¶ 14    Before the motion for sanctions could be heard, Cimino made two more attempts to undo the transfer. On July 17, 2014, she filed a "motion to authorize transfer of the case to [the] division with proper jurisdiction to avoid further prejudice," noticing it for a hearing before the presiding judge of the law division. He denied that motion on July 24 without briefing. Two weeks later, on August 6, Cimino filed a "petition" asking to vacate the original February 14, 2013 transfer order, again noticing it for a hearing before a judge in the law division. On August 14, that judge denied the petition, also without briefing.

¶ 15    Back in the municipal department, on August 19, 2014, the court ruled on the pending motions before it. It denied Cimino's motion to reconsider the punitive damages ruling, noting that it was "the 4th time Plaintiff has sought to add punitive damages," and it struck Cimino's rejection of the arbitration award. It granted the defendants' motion for sanctions and dismissed the suit with prejudice "as a sanction for (A) completely disregarding the Court's orders, (B) for filing multiple frivolous motions to reconsider, and (C) for repeatedly violating the court's order that Plaintiff not file motions to reconsider without leave of court." The court warned Cimino that further motions would result in monetary sanctions, and it designated the order as final and appealable.

¶ 16                                    C.  Post Dismissal

¶ 17    After dismissal, the court refused to certify Cimino's proposed bystander's reports, finding them unreliable, misleading, and, in some instances, false. Cimino continued to file motions

challenging prior orders and seeking certification of supplemental reports. On January 7, 2015, the court denied these motions as repetitive, improper, and sanctionable, and it imposed monetary sanctions of $380. On February 27, the court found that Cimino's motion to certify a bystander's report was unnecessary, inaccurate, improper, and constituted an abuse of emergency motion procedures in direct violation of prior court orders. It imposed a monetary sanction of $475. Appeal numbers 1-14-3926 and 1-15-0949 are Cimino's appeals from these rulings.

¶ 18                                    D.  Bankruptcy Stay

¶ 19        While these appeals were pending, Yellow Cab Affiliation, Inc. filed for Chapter 11 bankruptcy on March 18, 2015, later converted to Chapter 7, triggering the automatic bankruptcy stay. See 11 U.S.C. § 362 (2012). Upon receipt of a Notice of Bankruptcy filed by the defendants' attorney, this court entered orders staying the appeals. On October 6, 2015, Cimino filed a $23.8 million personal injury claim, which the trustee objected to, citing the prior dismissal. On January 16, 2024, the bankruptcy court modified the stay to allow this appeal to proceed. On March 1, 2024, we lifted our stay on this appeal. All three appeals were consolidated on Cimino's motion.

¶ 20                                    II.  ANALYSIS

¶ 21        On appeal, Cimino attempts to raise eight distinct issues. Specifically, she claims that the court erred by: (1) not deeming the defendants to have admitted certain facts raised in her requests to admit; (2) transferring the case from the law division to the municipal department; (3) not granting her motions to reconsider its rulings on the two previous subjects and denying her motions seeking sanctions against the defendants; (4) entering an order prepared by the defendants without reviewing it; (5) closing discovery prematurely and without notice and then sending the case to arbitration; (6) denying her motion to dismiss a belatedly raised affirmative defense; (7) striking her rejection of the arbitration award and dismissing the case with prejudice as sanctions; and (8) denying her leave to amend her complaint to include a prayer for punitive damages.

¶ 22        Of these eight issues, only four of them—the first, second, fifth, and seventh—are addressed in her 50-page brief. The remaining issues are noted in her brief but, owing to Cimino's need to

comply with the 50-page limit for briefs, are addressed in a separate 22-page document included in the appendix to her brief. Those arguments have been forfeited under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), and we will not consider them. See *Wilcox v. Advocate Condell Medical Center*, 2024 IL App (1st) 230355, ¶ 119 (refusing to consider arguments made in separate brief included in appendix).

¶ 23    We further note that all of the issues Cimino raises pertain to No. 1-14-2866, her appeal from the judgment dismissing her complaint with prejudice. Her briefs do not raise any issues concerning Nos. 1-14-3926 or 1-15-0949, which are her appeals from a series of postjudgment orders denying certification of bystander's reports. Again, arguments not raised are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Furthermore, it is not clear that we even have jurisdiction over those two appeals. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (noting that courts are obliged to consider their own jurisdiction). The denial of a request to certify a bystander's report is not a final judgment. Nor is it a nonfinal order that is appealable under the rules. To the extent we could review those orders, that authority would likely be ancillary to our appellate jurisdiction over No. 1-14-2866. See, *e.g.*, Ill. Const. 1970, art. VI, § 6 (authorizing appellate court to "exercise original jurisdiction when necessary to the complete determination of any case on review"); Ill. S. Ct. R. 366(a)(3), (5) (eff. Feb. 1, 1994) (authorizing appellate court to correct the record or to make any order that the case requires). Between our questionable jurisdiction and Cimino's forfeiture of any challenge to the orders involved, we find it prudent to dismiss Nos. 1-14-3926 and 1-15-0949.

¶ 24    With that, we turn to the merits of the issues properly presented for our review.

¶ 25                                   A.  Dismissal With Prejudice

¶ 26    We first address whether the court abused its discretion by dismissing Cimino's complaint with prejudice as a sanction for violating court orders. Imposing sanctions pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002) is within the trial judge's discretion and such a ruling will not be disturbed absent an abuse of that discretion. *Santorini Cab Corp. v. Banco Popular North America*, 2013 IL App (1st) 122070, ¶ 21; *Adcock v. Brakegate, Ltd.*, 247 Ill. App.

3d 824, 841 (1993). An abuse of discretion occurs when no reasonable person would take the view adopted by the court. *Santorini Cab*, 2013 IL App (1st) 122070, ¶ 21

¶ 27 Rule 219(c) authorizes a range of sanctions when a party unreasonably refuses to comply with rules or orders governing pretrial procedure and discovery, including the dismissal of the action. The rule provides in part, that the court may enter "such orders as are just," including "that the *** action be dismissed with or without prejudice." Ill. Sup. Ct. R. 219(c) (eff. July 1, 2002). Separately, the Illinois Supreme Court has noted that "a trial court's dismissal of a complaint with prejudice may be upheld on the basis of the court's inherent authority to control its docket." *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995). Recognizing the court's inherent authority is essential to prevent undue delays resulting from procedural abuses and to enable courts to maintain control over their dockets. *Id.* at 66.

¶ 28 The record shows that, throughout the case, Cimino engaged in a course of litigation conduct that can reasonably be viewed as a vexatious refusal to accept adverse rulings. After her case was transferred to the municipal department, Cimino filed at least eleven motions or petitions effectively challenging that decision, and eight of those eleven were filed after the court barred her from filing any further motions for reconsideration or "clarification" on the ruling. She filed serial motions on several different issues, and she was warned that continuing to file frivolous motions could result in her case being dismissed with prejudice. Those warnings did not deter her, leading the court to conclude that Cimino's persistent filing of repetitive, frivolous motions warranted dismissal with prejudice. That ultimate sanction was severe, to be sure, but on this record, we cannot say that it was unreasonable for the court to find that it was justified by the circumstances. That decision was not an abuse of discretion, so we find no error.

¶ 29 B. Other Issues

¶ 30 Aside from challenging the dismissal of her complaint with prejudice, Cimino argues that the court erred by not deeming the defendants to have admitted certain facts raised in her requests to admit, by transferring the case from the law division to the municipal department, and by closing

discovery prematurely, without notice, and then sending the case to arbitration. We need not consider these claims of error. "[T]he objective of appellate review is not to determine whether the record is totally free of error, but rather, to determine whether any error occurred that substantially prejudiced a party and *affected the outcome*." (Emphasis added.) *Lavite v. Dunstan*, 2019 IL App (5th) 170114, ¶ 75. Cimino's complaint was dismissed with prejudice as a sanction for her litigation conduct, and we have found that dismissal on that basis was proper. These other alleged errors would not change that determination, so they do not provide a basis for appellate relief.

¶ 31    We do address, however, two specific contentions that can be gleaned from Cimino's brief that would require reversal if we agreed with them: (1) that the transfer to the municipal department deprived the court of jurisdiction; and (2) that the court was biased against her. A judgment entered without jurisdiction would be void *ab initio*. See *In re M.W.*, 232 Ill. 2d 408, 414 (2009). And a judgment entered by a biased judge would violate due process. See *Arvia v. Madigan*, 209 Ill. 2d 520, 540 (2004) ("A fair trial before a fair tribunal is a basic requirement of due process."). But neither circumstance is present here.

¶ 32    First, the fact that the case was ultimately litigated and disposed of by a judge in the municipal department, rather than the law division, did not deprive the court of jurisdiction. "It is well established that the fact that the circuit court of Cook County has established administrative divisions to hear certain types of cases does not affect its jurisdiction to hear all justiciable matters, nor does it affect the power of any of the circuit court's judges to hear and dispose of any matter properly pending in the circuit court." *Granville Tower Condominium Ass'n v. Escobar*, 2022 IL App (1st) 200362, ¶ 44.

¶ 33    Second, throughout her brief, Cimino claims that the judges presiding over her case were biased or engaged in improper *ex parte* communications with the defense. We have reviewed each of these claims and find them to be without merit. Many of the bias claims stem from nothing more than unfavorable rulings, which do not themselves demonstrate bias. *Eychaner v. Gross*, 202 Ill. 2d 228, 281 (2002). The remainder are based on factual assertions that find no support in the record.

¶ 34      In sum, given our finding that the complaint was properly dismissed with prejudice as a sanction, the record discloses no other ground for reversal.

¶ 35                     III.  CONCLUSION

¶ 36      For the foregoing reasons, the judgment of dismissal with prejudice is affirmed, and the appeals from the orders denying certification of bystander's reports are dismissed.

¶ 37      No. 1-14-2866, Affirmed.

¶ 38      No. 1-14-3926, Appeal dismissed.

¶ 39      No. 1-15-0949, Appeal dismissed.